David Kent MAPLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–315.

Court of Criminal Appeals of Oklahoma.

April 28, 1983.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Patrick W. Willison, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant David Kent Maple was convicted by a jury of Robbery with a Dangerous Weapon After Former Conviction of Two Felonies, and was sentenced to twenty (20) years in prison. The conviction arose out of the robbery at knifepoint of an Al Musick drug store in Tulsa, Oklahoma. The State relied on the testimony of the pharmacist on duty, who testified that appellant "resembled" the robber, and the clerk-cashier, Ruth Klas, who positively identified appellant as the perpetrator.

■ This cause must be reversed and remanded for new trial on three grounds. First, the State improperly bolstered the identification testimony of Ms. Klas. The prosecutor was permitted over objection to cross-examine a police detective in the following manner:

Q. Sir, when Ruth Klas came in the line-up room, how long did she look at the six people before she indicated to you she identified one of them?

A. It was immediately.

\*   \*   \*   \*   \*   \*

THE WITNESS: As she came through the door—the door has a pneumatic arm on it that makes it close—she grabbed her chest and said 'That's the man right there.'

\*   \*   \*   \*   \*   \*

Q. Detective Kirkland, what happened?

A. She walked in before the door was even closed, and she was looking, of course, at the people standing there. She grabbed herself and said, 'That's him. My God, that's him.' We then questioned her if she was positive, and she said she was positive without any doubt at all, 'That's the man who robbed me.' (Tr. 85–87)

Testimony that an extra-judicial identification was made may be admissible, but it is limited to the identifier herself, not third persons present at the time of the identification. See *Hill v. State*, 500 P.2d 1075 (Okl.Cr.1972) (Simms, J., Specially Concurring); and *Towning v. State*, 521 P.2d 415 (Okl.Cr.1974).

Second, the prosecutor engaged in improper cross-examination of appellant's character witnesses. To illustrate, counsel was permitted over objection to question one such witness as follows:

Q. In going through the main conversion and having the experience of living the good life, were you aware of the fact that he is identified by a third pharacist [sic], a third person, as being the perpetrator of a robbery at a different Al Musick Drug Store some three weeks earlier than this charge and he stands charged with that now?

\*   \*   \*   \*   \*   \*

THE WITNESS: I understand two charges.

\*   \*   \*   \*   \*   \*

Q. In forming your opinion and maintaining your opinion, are you discounting that person's identification of him? (Tr. 125–126).

■ Cross-examination of a character witness may include enough details of prior misconduct to indicate that it involved the same character traits, *People v. Grimes*, 173 Cal.App.2d 248, 343 P.2d 146 (1959), but not unnecessary and prejudicial details. *State v. Kendrick*, 31 Or.App. 1195, 572 P.2d 354 (1977).

■ That the alleged prior robbery involved a second Al Musick drug store, and that appellant had been identified as the

robber by a witness, was unnecessary and highly prejudicial. The only effect was to prejudice appellant in the eyes of the jury, and this Court may grant redress. See *Potts v. State,* 502 P.2d 1287 (Okl.Cr.1972).

■ Finally, the jury was not instructed on the elements of the crime of robbery. Robbery is defined in 21 O.S.1981, § 791, and a proper jury instruction has been prepared. See OUJI–CR 486. Appellant failed to request such an instruction. However, it has long been established that the trial judge should, without request, instruct the jury on the essential elements of the offense, and the instructions should give the law of the case, including a definition of the offense sufficient to inform the jury of the facts necessary to justify a verdict of guilty. See *Smith v. State,* 40 Okl.Cr. 152, 267 P. 682 (Okl.1928).

■ The State's suggestion that the omission was remedied by inclusion of the information in the instructions, is not persuasive. Mere reference to the indictment or information is insufficient to discharge the duty of the trial court to instruct on the crime charged and to specify its essential elements. *United States v. Pope,* 561 F.2d 663 (6th Cir.1977); *United States v. Bosch,* 505 F.2d 78 (5th Cir.1974); *Lott v. United States,* 218 F.2d 675 (5th Cir.1955).

An early expression of the rule is found in *Territory v. Baca,* 11 N.M. 559, 71 P. 460, 461 (1903):

> We are of the opinion that the court cannot in an instruction substitute the requirements of the law that he shall instruct the jury as to what the law is by any reference to an indictment from which the jury would have to determine what the essential elements of the crime charged are. It is the duty of the court to interpret the indictment, and give its legal effect. The court must clearly instruct the jury as to the law of the case. [citations omitted].

■ In *Bradley v. State,* 560 S.W.2d 650, 652 (Tex.Cr.App.1978), the court rejected an analogous argument in the following terms:

The State also is incorrect in asserting that the charge is proper because it requires the jury to find that the appellant's exercise of control over the property was 'as set forth in the indictment,' and the indictment includes the element 'without the effective consent of the owner.' Were this the law, there would never be any need for a charge beyond requiring the jury to find that the defendant committed the offense as set forth in the indictment. [citations omitted]

The trial court erred in failing to instruct on the elements of robbery, and the defect was not remedied by reference to the information in the instructions.

We express no opinion as to other allegations of error presented by appellant. The judgment and sentence is reversed and the cause remanded for new trial.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.