Clarence H. "Bud"
ATTERBERRY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–34.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1986.

John Thomas Briggs, Pawhuska, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge.

The appellant, Clarence H. "Bud" Atterberry, was convicted of Child Abuse in the District Court of Washington County, Case No. CRF–83–95. The appellant was sentenced to three (3) years imprisonment and a fine of One Thousand Dollars ($1,000.00). We reverse and remand for new trial.

## I.

In his first assignment of error, the appellant contends that the charge of "child abuse" was improperly defined at trial to include the infliction of emotional injury. We find considerable merit to this proposition.

Title 21 O.S. 1981, § 843, provides as follows:

Any parent or other person who shall willfully or maliciously injure, torture, maim, or use unreasonable force upon a child under the age of eighteen (18), or who shall cause, procure or permit any of said acts to be done, shall be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

In *Holder v. State*, 556 P.2d 1049, 1053 (Okl.Cr.1976), this Court held that in enacting section 843, "the legislature intended to create a special provision punishing more severely those persons who are guilty of battering children." Accordingly, before an accused can be convicted of violating section 843, the State must demonstrate that there was some physical aspect to his abusive conduct or that his conduct caused a physical injury.

The original information in this case had charged the appellant with "inflicting emotional and physical" injury upon the victim. At preliminary hearing, the information was altered to charge that he "use[d] unreasonable force and inflict[ed] physical injury." The prosecutor objected to the alteration, and, in order to overcome what she apparently viewed as a blow to her case, questioned the prospective trial jurors on the issue of emotional injury. The prosecutor told the jury that they would not see any physical injury, then asked: "Do any of you not believe that emotional injury is abuse? Are there any of you on there if you were to define abuse in your minds today, would you include emotional injury

in the definition?" Appellant objected to this line of questioning as being improper under the statute and as not being a part of the charge in the case. The trial court overruled the objection on the ground the State was just asking the jurors what was in their minds. When the prosecutor resumed the line of questioning, the appellant was granted a continuing objection on the basis that he was not charged with and could not defend against emotional abuse.

It appears that the prosecutor was mislead, by the internal organization of the Oklahoma Statutes into believing that the infliction of an emotional injury constituted a violation of section 843. At first glance, section 843 seems to be linked to an entirely separate reporting statute which was enacted at a later date. *See* 21 O.S. 1981, §§ 845–848. The reporting act requires physicians to report instances of "child abuse or neglect" to the proper authorities. For purposes of the reporting act, the phrase "child abuse or neglect" is given a much broader definition than the type of "child battery" which is prohibited by section 843. The definition is broader because the reports are used for both criminal and civil purposes. *See* 10 O.S. 1981, § 1101 *et seq.* Therefore, according to the act, "abuse or neglect" means "harm or *threatened harm* to the child's health or welfare", and harm or threatened harm can occur through "[n]onaccidential physical or *mental* injury". 21 O.S. 1981, § 845 (emphasis added).

 While mental injuries may be admissible as circumstantial evidence of a prior physical abuse, it was improper for the trial court to allow the prosecutor to create the impression that an emotional injury alone would constitute a violation of the statute. This error of definition was compounded when the trial judge improperly included the definitional language of section 845 of the reporting act as a part of her jury instructions. As stated, section 845 defines "abuse or neglect" to include "threatened harm" and "mental injury." In effect, the trial judge told the jury that criminal child abuse could be established

through a showing of threatened harm or mental injury.

 In a criminal prosecution, the trial court has the duty to correctly instruct on the salient features of the law raised by the evidence without a request by the defendant. *Wing v. State*, 280 P.2d 740 (Okl. Cr.1955). An instruction should not be given on any question of law which is not applicable to the evidence. *Kidd v. State*, 76 Okl.Cr. 213, 136 P.2d 210 (1943). Whether requested or not, the trial judge should instruct the jury on the essential elements of the offense, and such instructions should give the law of the case, including *definitions* of the offense sufficient to inform the jury of the facts necessary to justify a verdict of guilty. *Maple v. State*, 662 P.2d 315 (Okl.Cr.1983). Instructing the jury on the applicable law is solely the duty of the trial court. *Williams v. State*, 658 P.2d 499 (Okl.Cr. 1983). Instructions should conform to the charge and to the defense and testimony. *Shepherd v. State*, 51 Okl.Cr. 209, 300 P. 421 (1931). The Oklahoma Statutes provide that a misinstruction on a matter of law constitutes grounds for a new trial. Title 22 O.S. 1981, § 952. Therefore, although the appellant failed to object to the instructions and participated in their formulation, it was fundamental error for the trial court to misinstruct the jury on an essential element of the offense. *Cf. Townley v. State*, 355 P.2d 420, 440 (Okl. Cr.1960); and *Anderson v. State*, 90 Okl.Cr. 1, 209 P.2d 721 (1949). Misinstruction on an essential element is fundamental error because it involves a substantial violation of the appellant's constitutional and statutory rights. *Cf. Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

 Here, the trial court gave a definition of child abuse which was too broad. The definition was not sufficient to inform the jury of the facts which must be established in order to justify a conviction. *Maple, supra.* Under the trial court's instructions, the jury was permitted to convict if they found that the appellant had "threat-

ened harm" or inflicted a "mental injury" upon the victim. Since section 843 does not prohibit "threatened harm" or "mental injury," the appellant was denied due process of law.

## II.

 The appellant also contends, that during final argument the prosecutor over his objection was permitted to: (1) incite societal alarm by making predictions as to the consequences of acquittal; (2) argue outside the record; and, (3) inject issues broader than guilt or innocence. We agree.

In one instance, the prosecutor repeatedly argued to the jury: "Do not allow this defendant to again make the victim, the victim in this case." In another instance, the prosecutor argued outside the record that abused children continue the pattern and abuse their own children. Both of these arguments were improper and the appellant's objections were overruled. *See Grubb v. State,* 663 P.2d 750 (Okl.Cr.1983); and *Ray v. State,* 510 P.2d 1395 (Okl.Cr. 1973).

## III.

Finally, the appellant complains about several improper prosecutorial comments. The appellant alleges that the prosecutor repeatedly attempted to incite societal alarm, to align the jury with the State, and to elicit sympathy for the victim contrary to the trial court's instructions. *See Cooper v. State,* 584 P.2d 234 (Okl.Cr. 1978); and *Chandler v. State,* 572 P.2d 285 (Okl.Cr.1977). Although the appellant failed to object to these comments, they were erroneous and add cumulative weight to our finding that the appellant was denied a fair trial. *Lovell v. State,* 455 P.2d 735 (Okl.Cr.1969).

Since we have determined that this case must be reversed and remanded for new trial, we deem it unnecessary to discuss the balance of appellant's allegations of error. Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED for new trial.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I must respectfully dissent to the reversal of this case. The victim testified at trial that appellant put a rope around her neck and hung her in a closet for an extended period of time; that when he returned to the closet he slapped her in the face several times; that he led her around the house with the rope around her neck bumping her into the walls; that he took her into the bathroom forced her to undress and held her head under water in the bathtub several times; and that he ordered her to push his knife into her chest and then took the knife and made a cross on her chest.

While it is true that instruction number seventeen (17) erroneously includes "threatened harm" and "mental injury" as violations of 21 O.S.1981 § 843, the evidence that appellant wilfully inflicted physical injury upon the victim is so strong that there is no reasonable possibility that the jury would have returned a different verdict even if they were properly instructed. See, *Fogle v. State,* 700 P.2d 208, 212 (Okl. Cr.1985).

Futhermore, I do not believe that the alleged improper comments determined the verdict. I would affirm the judgment and sentence.