2011 OK CR 13

**Gregory Eugene JONES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2009–906.**

Court of Criminal Appeals of Oklahoma.

April 7, 2011.

---

W. Creekmore Wallace, Sapulpa, OK, attorney for defendant at trial.

Michael S. Loeffler, Don I. Nelson, Asst. District Attorneys, Sapulpa, OK, attorneys for the State at trial.

Andreas T. Pitsiri, Okla. Indigent Defense System, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

LEWIS, Judge.

¶1 Gregory Eugene Jones, Appellant, was tried by jury and found guilty of Counts 1 and 2, child sexual abuse, in violation of 10 O.S.Supp.2008, § 7115(E); after former conviction of two (2) or more felonies, in the District Court of Creek County, Case Number CF–2009–89. The jury sentenced Appellant to twelve (12) years imprisonment in each count. The Honorable Joe Sam Vassar, District Judge, pronounced judgment and sentence accordingly, ordering the sentences served consecutively.[1] Mr. Jones appeals the following propositions of error:

1. Prosecutorial misconduct constituted fundamental error and deprived Mr. Jones of a fair trial.

2. Mr. Jones was prejudiced by ineffective assistance of counsel.

3. Appellant's sentences are excessive and should shock the conscience of this Court. Further, the trial court abused its discretion by ordering Mr. Jones to serve both sentences in the instant case consecutively for a total of 24 years imprisonment. Thus, this Court should grant relief to Appellant.

4. The cumulative effect of all these errors deprived Mr. Jones of a fair trial and warrants relief from this Court.

5. This Court should remand Mr. Jones' case to the District Court of Creek County with instructions to correct the judgment and sentence with an order *nunc pro tunc.*

### FACTS

¶2 A lengthy statement of facts is unnecessary. The State presented evidence tending to prove that in January and February, 2009, and at times previous to that, Appellant committed acts of child sexual abuse against his ten- and twelve-year old stepdaughters, including forcible sodomy, attempted rape, rape by instrumentation, and lewd molestation. Appellant testified in his own defense, admitting his three prior felony convictions and denying the alleged abuse. He also presented· additional evidence to support his defense that the accusations were fabricated.

### ANALYSIS

¶3 In Proposition One, Appellant argues prosecutorial misconduct denied him a fair trial. The alleged misconduct drew no objection, and we review only for plain error. *Sanchez v. State,* 2009 OK CR 31, ¶72, 223 P.3d 980, 1004. This Court will grant relief only where the prosecutor's misconduct is so flagrant and so infected the defendant's trial that it was rendered fundamentally unfair. *Williams v. State,* 2008 OK CR 19, ¶124, 188 P.3d 208, 230. Appellant has not shown that the prosecutor's tactics or argument were fundamentally unfair. Proposition One is denied.

¶4 In Proposition Two, Appellant claims ineffective assistance of counsel. Reviewing these claims according to the two-pronged analysis of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), Appellant is not entitled to relief. Counsel's failure to object to the misconduct alleged in Proposition One resulted in no prejudice to Appellant, as no revers-

---

1. Appellant must serve 85% of these sentences prior to becoming eligible for consideration for parole, pursuant to 21 O.S.Supp.2007, § 13.1(14).

ible error occurred. *Marshall v. State*, 2010 OK CR 8, ¶ 68, 232 P.3d 467, 482.

¶ 5 We also reject the claim that counsel's failure to object to the judgments and sentences showing that Appellant received suspended sentences or parole on his prior convictions was ineffective. As explained below, Appellant has been sentenced erroneously to less than the minimum punishment in both counts. He therefore suffered no prejudice from counsel's alleged failure to object to this information. *Head v. State*, 2006 OK CR 44, ¶¶ 21–24, 146 P.3d 1141, 1147–48. Proposition Two is without merit.

■ ¶ 6 In Proposition Three, Appellant challenges his consecutive sentences of twelve (12) years imprisonment in each count as excessive and shocking to the conscience. In considering this claim, the Court realized that Appellant has been sentenced erroneously. The penalty for child sexual abuse is a term of imprisonment not exceeding life imprisonment, or up to one (1) year in the county jail, and a fine of not less than $500.00 nor more than $5,000.00. 10 O.S.Supp.2008, § 7115(E).[2]

¶ 7 Appellant admitted three prior felony convictions for purposes of enhancement of his sentence. In apparent reliance on 21 O.S.Supp.2002, section 51.1(C),[3] the district court instructed the jury that if it found Appellant guilty after two (2) prior convic-

tions, Appellant was subject to imprisonment for four (4) years to life imprisonment. This was error. Appellant's two prior convictions subjected him to a sentence of twenty (20) years to life imprisonment in Count 1, under 21 O.S.Supp.2002, section 51.1(B). Section 51.1(B) provides in pertinent part:

> Every person who, having been twice convicted of felony offenses, commits a subsequent felony offense *which is an offense enumerated in Section 571 of Title 57* of the Oklahoma Statutes ... is punishable by imprisonment in the State Penitentiary for a term in the range of twenty (20) years to life imprisonment (emphasis added).

The question then is whether child sexual abuse is an offense enumerated in section 571 of Title 57. Section 571(2) provides, in part, as follows:

> "Nonviolent offense" means any felony offense except the following, or any attempts to commit or conspiracy or solicitation to commit the following crimes
> ...
> w. child abuse;

¶ 8 The Oklahoma Statutes define "abuse" of a child in this context as "harm or threatened harm ... to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare, *including*

---

**2.** Now renumbered as 21 O.S.Supp.2010, § 843.5(E), the statute provides:

> Any parent or other person who shall willfully or maliciously engage in child sexual abuse shall, upon conviction, be punished by imprisonment in the custody of the Department of Corrections not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment, except as provided in Section 51.1a of Title 21 of the Oklahoma Statutes or as otherwise provided in subsection F of this section for a child victim under twelve (12) years of age. Except for persons sentenced to life or life without parole, any person sentenced to imprisonment for two (2) years or more for a violation of this subsection shall be required to serve a term of post-imprisonment supervision pursuant to subparagraph f of paragraph 1 of subsection A of Section 991a of Title 22 of the Oklahoma Statutes under conditions determined by the Department of Correc-

tions. The jury shall be advised that the mandatory post-imprisonment supervision shall be in addition to the actual imprisonment. As used in this section, "child sexual abuse" means the willful or malicious sexual abuse, as defined by subparagraph b of paragraph 2 of Section 1-1-105 of Title 10A of the Oklahoma Statutes, of a child under eighteen (18) years of age by another.

**3.** Section 51.1(C) provides, in pertinent part:

> Every person who, having been twice convicted of felony offenses, commits a subsequent felony offense within ten (10) years of the date following the completion of the execution of the sentence ... is punishable by imprisonment in the State Penitentiary for a term in the range of three times the minimum term for a first time offender to life imprisonment. *If the subsequent felony offense does not carry a minimum sentence as a first time offender,* the person is punishable by imprisonment in the State Penitentiary for a term *in the range of four (4) years to life imprisonment* (emphasis added).

*sexual abuse* and sexual exploitation." 10 O.S.Supp.2008, § 7102(B)(1) (emphasis added).[4] Child sexual abuse is thus an offense of "child abuse" enumerated in section 571 of Title 57, subjecting Appellant to the twenty (20) year *minimum* penalty provided by section 51.1(B). The district court erred by instructing the jury that the range of punishment for Count 1 was four (4) years to life imprisonment.

¶ 9 In Count 2, the evidence showed that Appellant sexually abused his then ten-year-old stepdaughter. Due to the age of the victim at the time of this crime, regardless of any prior convictions, Appellant was punishable by a sentence of twenty-five (25) years to life imprisonment, and a fine of $500.00 to $5,000.00, as provided in 10 O.S.Supp.2008, § 7115(F),[5] which became effective November 1, 2007. Again, the district court erred by instructing the jury that the range of punishment for Count 2 was four (4) years to life imprisonment.

 ¶ 10 On appeal from a conviction in the trial court, this Court generally grants no remedy for sentencing errors committed in the defendant's favor. *Cornett v. State,* 40 Okl.Cr. 172, 176–78, 267 P. 869, 870–71 (1928)(erroneous instruction to jury that robbery with firearms was punishable by five years imprisonment, when statute provided minimum penalty of twenty-five years, provided no grounds for relief); *Camren v. State,* 1991 OK CR 75, f. 16, 815 P.2d 1194, 1196–97(defendant who received suspended sentence, for which he was ineligible due to prior convictions, would not be granted sentencing relief). We therefore reject Appellant's arguments that his sentences are excessive under the statute. Proposition Three is denied.

¶ 11 Proposition Four argues that the cumulative effect of the trial court's errors deprived Appellant of a fair trial. As we find no error that was harmful to Appellant, there is no accumulation of error to consider. Proposition Four is denied.

¶ 12 Proposition Five seeks remand for *nunc pro tunc* correction of the judgment and sentence to grant Appellant credit for time served. The errors already committed in Appellant's favor at sentencing far exceed any credit for jail time to which he is otherwise entitled. No relief is necessary.

### DECISION

¶ 13 The Judgment and Sentence of the District Court of Creek County is **AFFIRMED.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, P.J., LUMPKIN, C. JOHNSON and SMITH, JJ.: concurs.

---

**4.** Now renumbered as 10A O.S.Supp.2010, § 1–1–105(2).

**5.** Now renumbered as 21 O.S.Supp.2010, § 843.5(F), the statute provides:
> Any parent or other person who shall willfully or maliciously engage in sexual abuse to a child under twelve (12) years of age shall, upon

conviction, be punished by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years nor more than life imprisonment, and by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00).