CHADWELL v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CHADWELL v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CHADWELL v. STATE
2019 OK CR 14
Case Number: F-2017-1142
Decided: 07/18/2019
DANIEL RYAN CHADWELL, Appellant v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2019 OK CR 14, __ __

 

SUMMARY OPINION
ROWLAND, JUDGE:
¶1 Appellant Daniel Ryan Chadwell was tried by a jury in the District Court of Cleveland County, in Case No. CF-2014-2296, for forty counts of Lewd Acts with Child Under 16, in violation of 21 O.S.Supp.2013, § 1123(A). He was convicted on all but Counts 25 and 26.[1] The jury assessed punishment at one hundred years imprisonment on each of Counts 1, 2, 4-15, 27-32, and 38-40; seventy-five years imprisonment on each of Counts 34-35; fifty years imprisonment on each of Counts 3, 16-19, 22-24, 33, and 36; and twenty-five years imprisonment on each of Counts 20, 21, and 37. The Honorable Thad Balkman, District Judge, presided over Chadwell's jury trial and sentenced him, in accordance with the jury's verdicts, ordering the sentences to be served consecutively.[2] Chadwell appeals raising the following issues:
(1) whether the trial court gave erroneous jury instructions in sentencing; and 
(2) whether prosecutorial misconduct deprived him of a fair trial.
¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.
1.
¶3 Chadwell was charged with forty counts of lewd acts with a child under 16, in violation of 21 O.S.Supp.2013, § 1123(A). He complains on appeal that error occurred because the jury was instructed on the range of punishment for lewd acts committed with a child under the age of 12. This was error, he asserts, because he was not charged with or convicted of the crime of lewd acts with a child under 12 and because the jury was not instructed on the age element.
¶4 "It is settled law that trial courts have a duty to instruct the jury on the salient features of the law raised by the evidence with or without a request." Hogan v. State, 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923 (citing Atterberry v. State, 1986 OK CR 186, ¶ 8, 731 P.2d 420, 422). See also Soriano v. State, 2011 OK CR 9, ¶ 36, 248 P.3d 381, 396. Because the record does not show that trial counsel objected to the instructions at issue, review on appeal is for plain error. See Rutan v. State, 2009 OK CR 3, ¶ 78, 202 P.3d 839, 855. To be entitled to relief for plain error, an appellant must show: "(1) the existence of an actual error (i.e., deviation from a legal rule); (2) that the error is plain or obvious; and (3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Hogan, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Stewart v. State, 2016 OK CR 9, ¶ 25, 372 P.3d 508, 514.
¶5 Title 21 O.S.Supp.2013, § 1123(A) prohibits a broad range of sexual conduct with minors. Lewd acts with a child under 12 is not a different or separate crime from lewd acts with a child under 16 as Chadwell argues. Rather, the paragraph at the end of Section 1123(A) simply provides different ranges of punishment for lewd acts committed with a child under 16 and for those committed with a child under 12. This paragraph provides as follows:
Any person convicted of any violation of this subsection shall be punished by imprisonment in the custody of the Department of Corrections for not less than three (3) years nor more than twenty (20) years, except when the child is under twelve (12) years of age at the time the offense is committed, and in such case the person shall, upon conviction, be punished by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years.
Thus, Chadwell was convicted for the crimes with which he was charged which were lewd acts with a child under 16. However, his argument that his jury should have been instructed that in order to assess punishment at not less than twenty-five years imprisonment they had to find that the victims were under twelve years of age at the time that the crimes were committed is not without merit.
¶6 In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court further provided, in Alleyne v. United States, 570 U.S. 99, 103, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013), that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to a jury." See also United States v. Ellis, 868 F.3d 1155, 1169 (10th Cir. 2017)("a district court violates the Sixth Amendment if it imposes a sentence based on a judge-found (and not a jury-found) fact that increases a minimum sentence."). Thus, the age of the victims at the time of the crimes is an element of the crime of lewd acts with a child under 16 for purposes of sentencing and a criminal defendant has a constitutional right to have the jury instructed on this element and the charged offense proved beyond a reasonable doubt.
¶7 Failure to so instruct in the present case was error. This error, however, is subject to harmless error analysis. See Neder v. United States, 527 U.S. 1, 4, 15, 119 S.Ct. 1827, 1831, 1837, 144 L.Ed.2d 35 (1999) (the error which occurs when an element of the crime charged is omitted from the jury instructions is subject to harmless error analysis). The harmless error test is "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Id. at 15, 119 S.Ct. at 1837 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). See also Barnard v. State, 2012 OK CR 15, ¶ 14, 290 P.3d 759, 764 (where an element of the crime was omitted from the jury instruction this Court reviewed for plain error and applied the harmless error doctrine pursuant to United States Supreme Court's decisions in Chapman and Neder).
¶8 The evidence presented at trial was that all of the child victims were under the age of twelve at the time Chadwell committed the crimes charged. This evidence was overwhelming and not contradicted. Given the evidence, we find that the instructional error was harmless beyond a reasonable doubt. See Neder, 527 U.S. at 17, 119 S.Ct. at 1837 ("where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless"). There is no plain error here and this claim is denied.
2.
¶9 Chadwell complains that the cumulative effect of prosecutorial misconduct deprived him of his right to a fair trial. Because none of the comments at issue were met with objection at trial we review for plain error only. Harney v. State, 2011 OK CR 10, ¶ 23, 256 P.3d 1002, 1007. To be entitled to relief for plain error, an appellant must show plain error under the analysis set forth in Hogan, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Stewart, 2016 OK CR 9, ¶ 25, 372 P.3d at 514.
¶10 "[W]e evaluate the alleged misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Hanson v. State, 2009 OK CR 13, ¶ 18, 206 P.3d 1020, 1028. Both sides have wide latitude to discuss the evidence and reasonable inferences therefrom. Harmon v. State, 2011 OK CR 6, ¶ 81, 248 P.3d 918, 943. Relief is only granted where the prosecutor's flagrant misconduct so infected the defendant's trial that it was rendered fundamentally unfair. Jones v. State, 2011 OK CR 13, ¶ 3, 253 P.3d 997, 998. It is the rare instance when a prosecutor's misconduct during closing argument will be found so egregiously detrimental to a defendant's right to a fair trial that reversal is required. See Pryor v. State, 2011 OK CR 18, ¶ 4, 254 P.3d 721, 722.
¶11 While some of the comments at issue may have bordered upon impropriety, none rose to the level of plain error. This claim is denied.
DECISION
¶12 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019), the MANDATE is ORDERED issued upon delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY 
THE HONORABLE THAD BALKMAN, DISTRICT JUDGE




APPEARANCES AT TRIAL

APPEARANCES ON APPEAL


DUSTIN PHILLIPS
ATTORNEY AT LAW 1900 N.W. EXPRESSWAY #601 OKLAHOMA CITY, OK 73118 COUNSEL FOR DEFENDANT 
 

MARK P. HOOVER
APPELLATE DEFENSE COUNSEL
P.O. BOX 926 NORMAN, OK 73070 COUNSEL FOR APPELLANT 


JENNIFER AUSTIN CHRISTY MILLER ASSISTANT DISTRICT ATTORNEYS CLEVELAND COUNTY DISTRICT ATTORNEY'S OFFICE 201 S. JONES, SUITE 300 NORMAN, OK 73069 COUNSEL FOR STATE 

MIKE HUNTER
ATTORNEY GENERAL OF OKLAHOMA KATHERINE R. MORELLI
ASSISTANT ATTORNEY GENERAL 313 N.E. 21ST STREET OKLAHOMA CITY, OK 73105 COUNSEL FOR APPELLEE 

OPINION BY: ROWLAND, J.
LEWIS, P.J.: Concur in Results
KUEHN, V.P.J.: Specially Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur
FOOTNOTES
[1] The jury found Chadwell not guilty on Counts 25 and 26.
[2] Under 21 O.S.Supp.2014, § 13.1, Chadwell must serve 85% of his sentence of imprisonment before he is eligible for parole consideration.




KUEHN, V.P.J., SPECIALLY CONCURRING:
¶1 I agree with the Majority's finding in Proposition 1. In reaching that conclusion, I agree that the appropriate test for alleged Constitutional violations is that required by Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), rather than the qualitatively different test for nonconstitutional violations found in Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. I agree that, under Chapman, the trial court's failure to instruct the jury properly was error, and the State has shown that error was harmless beyond a reasonable doubt. I write separately to more fully address the instruction issue to give guidance to trial courts and counsel.
¶2 As the Majority correctly finds, lewd molestation of a child under the age of 12 is not a "different or separate crime" from lewd molestation of a child under 16, as the age difference only enhances the punishment range. The age of the victim of a lewd molestation crime under any subsection of Title 21 O.S. § 1123 is an element of the crime itself, but that age is 16 years or younger.[1] The trial judge appropriately instructed the jury on the elements of the crime of lewd molestation of a child under the age of 16, as the State charged the Appellant with that specific offense.
¶3 The Majority also correctly holds it was error to exclude from the instructions on punishment that the jury find the State proved the victim was 12 years or younger in order to consider an enhanced punishment. The jury instruction for lewd molestation (OUJI 4-129) should not change, but the instruction on the available punishment range, OUJI 10-13, should. The third paragraph of the instruction should read as follows:
If you find the defendant guilty, you shall then determine the proper punishment. 
The crime of lewd molestation of a child under the age of 16 is punishable by imprisonment in the custody of the Department of Corrections for not less than three years nor more than twenty (20) years. You may also impose a fine up to $10,000.00. 
If you find the defendant guilty, and find beyond a reasonable doubt that the victim(s) (insert either initials of victim(s) or count(s) of the Information here if multiple victims) (was) (is) (were) (are) the age of twelve or under, then you may sentence the defendant to custody in the Department of Corrections for not less than twenty-five (25) years. You may also impose a fine up to $10,000.00.
Although not raised in this appeal, the State must put a defendant on notice that it is seeking enhanced punishment.[2] Therefore, the Information should state that the child is under the age of twelve.
FOOTNOTES
[1] OUJI 4-129 notes that element.
[2] In this case notice was not an issue. The State first charged Appellant with Sexual Abuse of a Minor Child. That crime, like Lewd Molestation, also includes a finding that the victim was a child under the age of eighteen (18) and carries up to Life in prison. When the State requested to amend the charges to lewd molestation of a child under the age of sixteen (16), they argued that since the victim was under twelve (12) the maximum punishment would not change. Therefore, Appellant was put on notice of the range of punishment.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2009 OK CR 3, 202 P.3d 839, RUTAN v. STATE
Discussed
 2009 OK CR 13, 206 P.3d 1020, HANSON v. STATE
Discussed
 2011 OK CR 6, 248 P.3d 918, HARMON v. STATE
Discussed
 2011 OK CR 10, 256 P.3d 1002, HARNEY v. STATE
Discussed
 2011 OK CR 9, 248 P.3d 381, SORIANO v. STATE
Discussed
 2011 OK CR 13, 253 P.3d 997, JONES v. STATE
Discussed
 2011 OK CR 18, 254 P.3d 721, PRYOR v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2016 OK CR 9, 372 P.3d 508, STEWART v. STATE
Discussed at Length
 1986 OK CR 186, 731 P.2d 420, ATTERBERRY v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA