ROWLAND, JUDGE:
 

 ¶1 Appellant Daniel Ryan Chadwell was tried by a jury in the District Court of Cleveland County, in Case No. CF-2014-2296, for forty counts of Lewd Acts with Child Under 16, in violation of 21 O.S.Supp.2013, § 1123(A). He was convicted on all but Counts 25 and 26.
 
 [1]
 
 The jury assessed punishment at one hundred years imprisonment on each of Counts 1, 2, 4-15, 27-32, and 38-40; seventy-five years imprisonment on each of Counts 34-35; fifty years imprisonment on each of Counts 3, 16-19, 22-24, 33, and 36; and twenty-five years imprisonment on each of Counts 20, 21, and 37. The Honorable Thad Balkman, District Judge, presided over Chadwell's jury trial and sentenced him, in accordance with the jury's verdicts, ordering the sentences to be served consecutively.
 
 [2]
 

 Chadwell appeals raising the following issues:
 

 (1) whether the trial court gave erroneous jury instructions in sentencing; and
 

 (2) whether prosecutorial misconduct deprived him of a fair trial.
 

 ¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.
 

 1.
 

 ¶3 Chadwell was charged with forty counts of lewd acts with a child under 16, in violation of 21 O.S.Supp.2013, § 1123(A). He complains on appeal that error occurred because the jury was instructed on the range of punishment for lewd acts committed with a child under the age of 12. This was error, he asserts, because he was not charged with or convicted of the crime of lewd acts with a child under 12 and because the jury was not instructed on the age element.
 

 ¶4 "It is settled law that trial courts have a duty to instruct the jury on the salient features of the law raised by the evidence with or without a request."
 
 Hogan v. State
 
 ,
 
 2006 OK CR 19
 
 , ¶ 39,
 
 139 P.3d 907
 
 , 923 (citing
 
 Atterberry v. State
 
 ,
 
 1986 OK CR 186
 
 , ¶ 8,
 
 731 P.2d 420
 
 , 422 ).
 
 See also
 

 Soriano v. State
 
 ,
 
 2011 OK CR 9
 
 , ¶ 36,
 
 248 P.3d 381
 
 , 396. Because the record does not show that trial counsel objected to the instructions at issue, review on appeal is for plain error.
 
 See
 

 Rutan v. State
 
 ,
 
 2009 OK CR 3
 
 , ¶ 78,
 
 202 P.3d 839
 
 , 855. To be entitled to relief for plain error, an appellant must show: "(1) the existence of an actual error (i.e., deviation from a legal rule); (2) that the error is plain or obvious; and (3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding."
 
 Hogan
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d at 923
 
 . "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice."
 
 Stewart v. State
 
 ,
 
 2016 OK CR 9
 
 , ¶ 25,
 
 372 P.3d 508
 
 , 514.
 

 ¶5 Title 21 O.S.Supp.2013, § 1123(A) prohibits a broad range of sexual conduct with minors. Lewd acts with a child under 12 is not a different or separate crime from lewd acts with a child under 16 as Chadwell argues. Rather, the paragraph at the end of Section 1123(A) simply provides different ranges of punishment for lewd acts committed with a child under 16 and for those committed with a child under 12. This paragraph provides as follows:
 

 Any person convicted of any violation of this subsection shall be punished by imprisonment in the custody of the Department of Corrections for not less than three (3) years nor more than twenty (20) years, except when the child is under twelve (12) years of age at the time the offense is committed, and in such case the person shall, upon conviction, be punished by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years.
 

 Thus, Chadwell was convicted for the crimes with which he was charged which were lewd acts with a child under 16. However, his argument that his jury should have been instructed that in order to assess punishment at not less than twenty-five years imprisonment they had to find that the victims were under twelve years of age at the time that the crimes were committed is not without merit.
 

 ¶6 In
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 , 2362-63,
 
 147 L.Ed.2d 435
 
 (2000) the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court further provided, in
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 , 103,
 
 133 S.Ct. 2151
 
 , 2155,
 
 186 L.Ed.2d 314
 
 (2013), that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to a jury."
 
 See also
 

 United States v. Ellis
 
 ,
 
 868 F.3d 1155
 
 , 1169 (10th Cir. 2017) ("a district court violates the Sixth Amendment if it imposes a sentence based on a judge-found (and not a jury-found) fact that increases a minimum sentence."). Thus, the age of the victims at the time of the crimes is an element of the crime of lewd acts with a child
 under 16 for purposes of sentencing and a criminal defendant has a constitutional right to have the jury instructed on this element and the charged offense proved beyond a reasonable doubt.
 

 ¶7 Failure to so instruct in the present case was error. This error, however, is subject to harmless error analysis.
 
 See
 

 Neder v. United States
 
 ,
 
 527 U.S. 1
 
 , 4, 15,
 
 119 S.Ct. 1827
 
 , 1831, 1837,
 
 144 L.Ed.2d 35
 
 (1999) (the error which occurs when an element of the crime charged is omitted from the jury instructions is subject to harmless error analysis). The harmless error test is "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' "
 

 Id.
 

 at 15
 
 ,
 
 119 S.Ct. at 1837
 
 (quoting
 
 Chapman v. California,
 

 386 U.S. 18
 
 , 24,
 
 87 S.Ct. 824
 
 , 828,
 
 17 L.Ed.2d 705
 
 (1967) ).
 
 See also
 

 Barnard v. State
 
 ,
 
 2012 OK CR 15
 
 , ¶ 14,
 
 290 P.3d 759
 
 , 764 (where an element of the crime was omitted from the jury instruction this Court reviewed for plain error and applied the harmless error doctrine pursuant to United States Supreme Court's decisions in
 
 Chapman
 
 and
 
 Neder
 
 ).
 

 ¶8 The evidence presented at trial was that all of the child victims were under the age of twelve at the time Chadwell committed the crimes charged. This evidence was overwhelming and not contradicted. Given the evidence, we find that the instructional error was harmless beyond a reasonable doubt.
 
 See
 

 Neder,
 

 527 U.S. at 17
 
 ,
 
 119 S.Ct. at 1837
 
 ("where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless"). There is no plain error here and this claim is denied.
 

 2.
 

 ¶9 Chadwell complains that the cumulative effect of prosecutorial misconduct deprived him of his right to a fair trial. Because none of the comments at issue were met with objection at trial we review for plain error only.
 
 Harney v. State
 
 ,
 
 2011 OK CR 10
 
 , ¶ 23,
 
 256 P.3d 1002
 
 , 1007. To be entitled to relief for plain error, an appellant must show plain error under the analysis set forth in
 
 Hogan
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d at 923
 
 . "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice."
 
 Stewart
 
 ,
 
 2016 OK CR 9
 
 , ¶ 25,
 
 372 P.3d at 514
 
 .
 

 ¶10 "[W]e evaluate the alleged misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel."
 
 Hanson v. State
 
 ,
 
 2009 OK CR 13
 
 , ¶ 18,
 
 206 P.3d 1020
 
 , 1028. Both sides have wide latitude to discuss the evidence and reasonable inferences therefrom.
 
 Harmon v. State,
 

 2011 OK CR 6
 
 , ¶ 81,
 
 248 P.3d 918
 
 , 943. Relief is only granted where the prosecutor's flagrant misconduct so infected the defendant's trial that it was rendered fundamentally unfair.
 
 Jones v. State
 
 ,
 
 2011 OK CR 13
 
 , ¶ 3,
 
 253 P.3d 997
 
 , 998. It is the rare instance when a prosecutor's misconduct during closing argument will be found so egregiously detrimental to a defendant's right to a fair trial that reversal is required.
 
 See
 

 Pryor v. State
 
 ,
 
 2011 OK CR 18
 
 , ¶ 4,
 
 254 P.3d 721
 
 , 722.
 

 ¶11 While some of the comments at issue may have bordered upon impropriety, none rose to the level of plain error. This claim is denied.
 

 DECISION
 

 ¶12 The Judgment and Sentence of the district court is
 
 AFFIRMED
 
 . Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch. 18, App. (2019), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon delivery and filing of this decision.
 

 LEWIS, P.J.: Concur in Results
 

 KUEHN, V.P.J.: Specially Concur
 

 LUMPKIN, J.: Concur
 

 HUDSON, J.: Concur
 

 The jury found Chadwell not guilty on Counts 25 and 26.
 

 Under 21 O.S.Supp.2014, § 13.1, Chadwell must serve 85% of his sentence of imprisonment before he is eligible for parole consideration.