WILLIAMS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WILLIAMS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WILLIAMS v. STATE
2021 OK CR 19
496 P.3d 621
Case Number: F-2019-131
Decided: 07/15/2021
ERIC RAYMAN WILLIAMS, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2021 OK CR 19, 496 P.3d 621

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Eric Rayman Williams, was tried and convicted by a jury in the District Court of Oklahoma County, Case No. CF-2016-8211, of two counts of Indecent or Lewd Acts With a Child Under Sixteen, in violation of 21 O.S.Supp.2013 & 2015, § 1123. The jury recommended sentences of thirty-five years imprisonment on Count 1 and thirty years imprisonment on Count 2. The Honorable Ray C. Elliott, District Judge, sentenced Williams in accordance with the jury's verdicts and ordered the sentences to run concurrently. Judge Elliott also ordered credit for time served. Appellant must serve 85% of his sentences before becoming eligible for parole. 21 O.S.Supp.2015, § 13.1.

¶2 Williams now appeals, alleging the following propositions of error on appeal:

I. THE TRIAL COURT ERRED WHEN IT DID NOT INSTRUCT THE JURY ON NECESSARY ELEMENTS;

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE ADMISSION OF PROPENSITY EVIDENCE;

III. PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF A FAIR TRIAL;

IV. APPELLANT'S CONVICTION FOR COUNT 2 MUST BE REVERSED BECAUSE THE CRIME CHARGED WAS NOT COMMITTED; and

V. THE CUMULATIVE EFFECT OF ALL THESE ERRORS DEPRIVED APPELLANT OF A FAIR AND IMPARTIAL PROCEEDING.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶4 Proposition I. Appellant's complaint that the jury was not required to find beyond a reasonable doubt that the victim was under the age of 12 was not raised below. Instead, Appellant objected to the instructions on different grounds. Our review is therefore limited to plain error. Black v. State, 2001 OK CR 5, ¶ 56, 21 P.3d 1047, 1068. See also Romano v. State, 1995 OK CR 74, ¶ 18, 909 P.2d 92, 109 ("Where a defendant makes a specific objection at trial no different objections will be considered on appeal."). To show plain error, Appellant must show an actual error, which is plain or obvious, affected his substantial rights. "This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Lamar v. State, 2018 OK CR 8, ¶ 40, 419 P.3d 283, 294; 20 O.S.2011, § 3001.1.

¶5 Appellant demonstrates actual or obvious error affecting his substantial rights with this claim. The jury should have been instructed that in order to assess punishment starting at not less than twenty-five years imprisonment, they had to find beyond a reasonable doubt that the victim was under twelve years of age when the crimes were committed. Chadwell v. State, 2019 OK CR 14, ¶¶ 5-7, 446 P.3d 1244, 1246-47. The error nonetheless was harmless beyond a reasonable doubt. The evidence at trial was overwhelming and not contradicted that the victim was under the age of 12 at the time of the abuse. The jury verdicts would have been the same absent the error. See Neder v. United States, 527 U.S. 1, 17 (1999); Chadwell, 2019 OK CR 14, ¶ 8, 446 P.3d at 1247. Proposition I is denied.

¶6 Proposition II. The trial court did not abuse its discretion in admitting the child sexual propensity evidence. See Neloms v. State, 2012 OK CR 7, ¶ 25, 274 P.3d 161, 167 ("This Court reviews a trial court's evidentiary rulings for an abuse of discretion."). "An abuse of discretion is a conclusion or judgment that is clearly against the logic and effect of the facts presented." Moore v. State, 2019 OK CR 12, ¶ 14, 443 P.3d 579, 583. The child sexual propensity evidence met all of the factors required for admissibility under 12 O.S.2011, § 2414. The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. See Johnson v. State, 2010 OK CR 28, ¶ 6, 250 P.3d 901, 903-904; Horn v. State, 2009 OK CR 7, ¶¶ 40-41, 204 P.3d 777, 786-87 (both restating standard for admissibility); 12 O.S.2011, §§ 2401-2403.

¶7 The jury was instructed with OUJI-CR (2d) 9-10A immediately after E.W.'s testimony and again in the written charge. We presume the jurors followed this limiting instruction. Head v. State, 2006 OK CR 44, ¶ 26, 146 P.3d 1141, 1148. The record shows the jury was explicitly advised of the role of the child sexual propensity evidence relating to E.W.'s testimony through the instructions and there was nothing confusing about this evidence. Appellant fails to show an abuse of discretion from the trial court's balancing of the evidence in this case. Proposition II is denied.

¶8 Proposition III. We do not grant relief for prosecutorial misconduct "unless, when viewed in the context of the entire trial, the misconduct rendered the trial fundamentally unfair such that the jury's verdict is unreliable." Mahdavi v. State, 2020 OK CR 12, ¶ 42, 478 P.3d 449, 459 (citing Darden v. Wainwright, 477 U.S. 168, 181 (1986)). The challenged portions of the State's closing argument--none of which drew objections below--amounted to reasonable comment on the record evidence, not prosecutorial misconduct. The prosecutor's misstatement that witness Matt Williams had previously viewed Appellant as "Batman" was an inadvertent, and rather meaningless, passing comment--not prosecutorial misconduct implicating Appellant's right to a fundamentally fair trial. Appellant fails to show error, plain or otherwise with any of his complaints. Id., 2020 OK CR 12, ¶ 42, 478 P.3d at 460. Proposition III is denied.

¶9 Proposition IV. Appellant's challenge to the trial court's elemental definition of Count 2 in the written charge was not raised below and is limited to plain error review. See Black, 2001 OK CR 5, ¶ 56, 21 P.3d at 1068. "The preliminary question on plain error review is whether error, an actual violation of law, has plainly or obviously occurred." Martinez v. State, 2016 OK CR 3, ¶ 18, 371 P.3d 1100, 1108. The plain language of Title 21 O.S.Supp.2013 & 2015, § 1123(A)(5)(e) does not expressly require the actual physical presence of those performing the sex act to be in the same location as the child victim. In light of the absence of any controlling precedent on this issue, the purported instructional error was not plain or obvious in the absence of an objection. There is no plain error. Proposition IV is denied.

¶10 Proposition V. We deny relief for alleged cumulative error. Appellant has not proven the existence of two or more errors in this appeal that we can cumulate. See Mahdavi, 2020 OK CR 12, ¶ 49, 478 P.3d at 461. Proposition V is denied.

_DECISION

¶11 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE RAY C. ELLIOTT, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
  
 
 
  
 
 
 
 
 DAVID AUTRY
 1021 N.W. 16TH STREET
 OKLAHOMA CITY, OK 73106
 COUNSEL FOR DEFENDANT
 
 
 JEREMY STILLWELL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
  
 
 
  
 
 
 
 
 DAVID MCKENZIE
 210 W. PARK AVENUE
 SUITE 3030
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT
 
 
 MIKE HUNTER
 OKLA. ATTORNEY GENERAL
 TESSA L. HENRY
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 
 
  
 
 
  
 
 
 
 
 RYAN STEPHENSON
 KELLY COLLINS
 ASST. DISTRICT ATTORNEYS
 OKLAHOMA COUNTY
 320 ROBERT S. KERR, STE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR THE STATE
 
 
  
 
 
 

 

OPINION BY: HUDSON, J.
KUEHN, P.J.: CONCURS 
ROWLAND, V.P.J.: CONCURS 
LUMPKIN, J.: SPECIALLY CONCURS
LEWIS, J.: CONCURS IN PART/DISSENTS IN PART

 

 

LUMPKIN, JUDGE: SPECIALLY CONCURRING

¶1 I concur in the Court's decision to affirm the Judgment and Sentence in this case. However, I write separately to address Proposition IV and the language of 21 O.S.Supp.2015, § 1123(A)(5)(e). This section makes it a felony for "any person to knowingly and intentionally", "[i]n a lewd or lascivious manner and for the purpose of sexual gratification" "cause, expose, force or require a child to look upon sexual acts performed in the presence of the child." The intent of this language is to make it illegal to "cause, expose, force or require" a child to view sexual activity performed in their presence. The facts in the present case show that while Appellant's seven-year-old granddaughter sat on his lap, he forced her to watch shows on the television showing naked men and women engaging in sexual activity. When his granddaughter tried to shut her eyes and not watch the images, Appellant told her it was all right for her to watch it. Appellant's conduct of forcing his granddaughter to watch the sexual activity is exactly the kind of conduct prohibited by Section 1123(A)(5)(e). Whether the sexual activity was performed live in front of the child or recorded and shown to the child at a later date is not the focus of the statute.

 

 

LEWIS, JUDGE, CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in affirming Count One, but dissent to affirming Count Two. In affirming Count Two, the Majority relies on plain error review to ignore our previous unpublished case on the issue. Appellant attached the case, Harris v. State, F-2007-0381 (Okl.Cr. May 15, 2008), to his brief in compliance with Rule 3.5(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021). While Harris is not binding authority, it is highly persuasive on the issue and there are no published cases which serve as well the purpose for which counsel cites it.[1]

¶2 There is no disputing that Appellant's actions were vile, and lewd acts with a child proscribed in section 1123 can be accomplished in many ways. The legislature, however, was specific in its division of the statute to specify that section 1123(A)(5)(e), as charged in Count Two here, requires causing, exposing, forcing or requiring "a child to look upon sexual acts performed in the presence of the child." That element did not occur in this case. Appellant should have been charged under section 1123(A)(5)(d), which prohibits the forcing of a child "to view any obscene materials, child pornography or materials deemed harmful to minors as such terms are defined by Sections 1024.1 and 1040.75 of this title."

¶3 Because Appellant was not charged with, and the jury was not instructed on, the correct crime, I dissent to the affirmance of his conviction in Count Two.

FOOTNOTES

[1] It is noted that both the trial of this case and the unpublished case were held before the same District Judge.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1995 OK CR 74, 909 P.2d 92, ROMANO v. STATE
Discussed
 2001 OK CR 5, 21 P.3d 1047, 72 OBJ 858, BLACK v. STATE
Discussed at Length
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed
 2009 OK CR 7, 204 P.3d 777, HORN v. STATE
Discussed
 2010 OK CR 28, 250 P.3d 901, JOHNSON v. STATE
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2016 OK CR 3, 371 P.3d 1100, MARTINEZ v. STATE
Discussed
 2018 OK CR 8, 419 P.3d 283, LAMAR v. STATE
Discussed
 2019 OK CR 12, 443 P.3d 579, MOORE v. STATE
Discussed
 2019 OK CR 14, 446 P.3d 1244, CHADWELL v. STATE
Discussed at Length
 2020 OK CR 12, 478 P.3d 449, MAHDAVI v. STATE
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2414, Evidence of Commission of Other Child Molestation Offense - Admissibility - Disclosures by Prosecutor
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA