Harold Allen ADKISSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13927.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1967.

Ralph Samara, Oklahoma City, Okl., for plaintiff in error.

Charles Nesbitt, Atty. Gen., Rex Thompson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Harold Allen Adkisson, hereinafter referred to as Defendant, was convicted in the Court of Common Pleas of Oklahoma County for the crime of Assaulting an Officer, and from the judgment and sentence rendered against him fixing his punishment at 30 days imprisonment in the county jail and a fine of $250.00 and costs, he appeals.

Defendant stated many contentions in his brief, however, since he did not support them with citations, we will not be concerned with them here. His first assignment of error on appeal with which we will deal, is that the evidence is insufficient

to support the verdict of the jury. With this contention we cannot agree, for although the evidence is sharply conflicting, there is ample evidence to support the verdict of the jury. We have repeatedly held:

"Where the evidence is conflicting, the weight of the evidence and credibility of the witness is for the jury, and Criminal Court of Appeals will not substitute its judgment for that of the jury where there is evidence reasonably tending to support the conclusions reached by the jury."

See Hatfield v. State, Okl.Cr., 325 P.2d 972 and McCluskey v. State, Okl.Cr., 372 P.2d 623.

It is next contended that the trial court erred in admitting evidence of offenses other than that for which the defendant stands charged. In this connection he objects to the admission into evidence testimony that the defendant, after having been placed under arrest, several times kicked Officer Burke and other officers in whose custody he was at that time.

 In this connection we are of the opinion, under the record before us, that from the time Officer Burke sought to arrest the defendant, until he was placed in the Oklahoma City jail, the various times when the defendant kicked him with his feet and struck him with his hands were but a single, continuing offense and the admission of testimony that at the time of this continuing offense the defendant may have kicked an officer other than Officer Burke, was a part of the Res Gestae and not such an error as would require a reversal. In Frazee v. State, 79 Okl.Cr. 224, 153 P.2d 637, the Court held:

"No fixed measure of time or distance from main occurrence can be established as a rule to determine what should be a part of the res gestae. Each case must necessarily depend upon its own circumstances to establish whether facts offered were a part of same continuous transaction."

Also in Grimes v. State, Okl.Cr., 365 P.2d 739, it was held:

"Evidence of different offenses from the one charged are admissible when both offenses are so closely linked as to form a part of res gestae."

It is lastly contended that the trial court erred in instructing the jury by failing to give certain requested instructions and to properly instruct the jury on some of the instructions given. We have repeatedly held that where, as in the instant case, the instructions given correctly state the law and fairly submit to the jury the issues arising from the competent evidence introduced, there is no reversible error.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, J., and NIX, P. J., concur.