Terry N. HINDMAN, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–312.

Court of Criminal Appeals of Oklahoma.

June 25, 1982.

Unlawful Distribution of a Controlled Substance, Phencyclidine (PCP), After former Conviction of a Felony, in violation of 63 O.S.Supp.1975, § 2–401. His punishment was fixed at ten (10) years' imprisonment, the last five (5) years to be suspended.

The principal issue we address on appeal is whether a valid procuring agent defense was established.

## I.

### FACTS

On August 8, 1979, an undercover narcotics agent, John Guyton, went to an Oklahoma City restaurant in order to make a narcotics purchase from the appellant. Hindman was in the company of Howard Breeden. As the officer entered the restaurant, the appellant looked to Breeden and stated, "We ought to do this thing and get it over with." The three subjects went into the restroom and Breeden produced a container of PCP. Breeden told Guyton that Hindman should "get something for his trouble for setting up the sale." Breeden handed one gram of PCP to the appellant and one quarter ounce of PCP to the officer. Guyton gave Breeden two hundred and seventy-five dollars ($275). Hindman offered no defense.

## II.

### PROCURING AGENT DEFENSE

The appellant argues that the State's evidence merely established that he was acting in the capacity of a procuring agent. The procuring agent defense "constitutes a judicial recognition that where a person has acted solely as an agent for the buyer in a narcotics sale, without having prearranged this sale on the seller's behalf and without having any interest, personal or financial, in the sale his conviction" for the sale of narcotics "would result in an unjust interpretation of the law." *Yetter v. State*, 528 P.2d 345, 346 (Okl.Cr.1974).

In *Tipton v. State*, 528 P.2d 1115 (Okl.Cr. 1974), this Court held that the procuring agent defense was only available in cases

Kenneth R. Nance, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

CORNISH, Judge:

Terry N. Hindman, Jr., was convicted in the District Court of Oklahoma County, of

where the accused was convicted under a statute prohibiting the sale of controlled dangerous substances. This defense is not applicable where the accused is charged under a statute which prohibits the unlawful delivery or distribution of controlled dangerous substances. *Harwood v. State*, 543 P.2d 761, 764 (Okl.Cr.1975). The rationale behind the nonapplicability of the procuring agent defense under the unlawful delivery and distribution statutes is that a crime has been committed regardless of any agency relationship between the accused and the buyer or between the accused and the seller. We conclude, therefore, that the appellant did not have a valid procuring agent defense since he was charged and convicted of unlawful distribution of a controlled substance.

### III.

### SUFFICIENCY OF THE EVIDENCE

The appellant was convicted under 63 O.S.1981, § 2–401(A)(1), which provides:

Except as authorized by this Act, it shall be unlawful for any person:

1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

■ Hindman claims that the State failed to prove that he was a principal to the crime of unlawful distribution of a controlled substance. He asserts that the State merely established that his conduct amounted to mental acquiescence to the sale, which is not sufficient to sustain a conviction. We agree that it is generally recognized that no one can be convicted of a crime to which he has never expressly or impliedly given his assent. Further, mere presence of the accused at the scene of the crime does not invoke criminal responsibility. *Turner v. State*, 477 P.2d 76 (Okl.Cr. 1970).

■ In order for an accused to be convicted as a principal in the crime, it is necessary to establish that he either directly committed the crime or aided and abetted in its commission. 21 O.S.1981, § 172; *Fra-zier v. State*, 624 P.2d 84 (Okl.Cr.1981). Aiding and abetting in the crime requires the State to show the accused procured it to be done, or aids, assists, abets, advises or encourages the commission of the crime. Mere presence or acquiescence, without participation, does not constitute a crime. *Morrison v. State*, 518 P.2d 1279, 1281 (Okl. Cr.1974).

■ The record clearly shows the participation on the part of Hindman to be more than a mere mental acquiescence or presence at the narcotics sale. His actions were essential in setting up the sale and negotiating the price of the narcotics. Additionally, his own statement "we ought to do this thing and get it over with" demonstrates his direct participation in the criminal episode. The defendant was present when the exchanges were made between the buyer and seller. He actively participated by negotiating prices with the buyer. Additionally, the evidence shows that the appellant received compensation for arranging the sale, the vendor gave him one gram of PCP. From these facts, there is ample evidence of a prearranged conspiracy between the seller and the appellant.

### IV.

### A SUSPENDED SENTENCE IS DISCRETIONARY

■ Hindman next contends the trial court erred in not suspending his entire ten year sentence. The question of whether to give a suspended sentence is a matter of discretion with the trial court. *Sargent v. State*, 509 P.2d 143 (Okl.Cr.1973), *Phipps v. State*, 529 P.2d 998 (Okl.Cr.1974). In the instant case, we cannot find fault with the trial court in not suspending all of appellant's sentence.

AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., concurs.