Michael E. LAMPKIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–554.

Court of Criminal Appeals of Oklahoma.

March 15, 1991.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge.

Appellant, Michael E. Lampkin, was charged with two counts of First Degree Murder, in violation of 21 O.S.1981, § 701.7, and Robbery with a Firearm, in violation of 21 O.S.1981, § 801, in Case No. CRF–85–6110 in the District Court of Oklahoma County. The jury returned verdicts of guilty on the First Degree Murder charges and assessed punishment at life imprisonment on each count. The trial court sentenced appellant in accordance with the jury's verdict ordering that the sentences run consecutively. From this judgment and sentence, the appellant has perfected his appeal to this Court.

On November 28, 1985, the appellant robbed a Texaco station on the corner of Bryant and Danforth in Edmond, Oklahoma. The appellant was leaving the area traveling south on Bryant when Officer Land, of the Edmond Police Department, observed him run a stop sign at the Bryant and Danforth intersection. The officer noted that the appellant was traveling at a fast pace and turned the corner going faster than what is normal. Having observed this, the officer engaged his overhead lights and attempted to stop the appellant's car. However, the appellant accelerated and a high speed chase ensued. During the chase, the officer was alerted that the driver of the car he was chasing was a robbery suspect. The chase ended when the appellant's car crashed into another car causing the deaths of its two passengers. The appellant was arrested and treated for minor injuries.

The jury found the appellant guilty of the First Degree Murder charges based upon the felony murder doctrine. In his first assignment of error, the appellant argues that his conviction should be reversed because there was not a sufficient nexus between the armed robbery and the two deaths.

It is true that there must be a nexus between the underlying felony and the death of the victim in order for the felony-murder doctrine to apply. *Wade v. State*, 581 P.2d 914, 916 (Okl.Cr.1978). This Court has held that "if the homicide is committed during the one, continuous transaction, the acts are so closely connected as to be inseparable in terms of time, place and causal relation, and the actions tend to be explanatory and incidental to each other, the homicide has been committed during the felony in our statutory sense." *Irvin v. State*, 617 P.2d 588, 597 (Okl.Cr.1980). In *Franks v. State*, 636 P.2d 361, 365 (Okl.Cr.1981), we further expanded upon this by adopting the rule that:

> [T]he homicide which is charged on the basis of an underlying felony must have been committed in the course of the perpetration of that underlying crime. At the time of the killing, the accused must be engaged in some act which is required for the full execution of that underlying crime, and the killing must be the consequence of that crime.

The appellant relies heavily on *Franks* to support his argument that there was not a sufficient nexus between the armed robbery and the deaths in the present case. In *Franks*, the defendant committed an armed robbery and then left the scene. Several minutes and approximately ten blocks later he was stopped by a police officer for two traffic offenses. The officer did not know of the robbery when he made the stop.

The defendant was able to disarm the officer and leave without being arrested. He then drove, without ever being pursued, to the site where the fatal car accident occurred. This Court held that there was not a sufficient nexus between the felonies and the homicide in *Franks* because the robberies were complete at the time that the death occurred. There was not one continuing transaction, but a series of unrelated incidents. This was based largely upon this Court's observation that there was no pursuit of the defendant as he left the scene of either crime. Also worth mention, is that fact that the officer did not even know of the robbery when he initially stopped the defendant. Further, the homicide was not connected in place or time to the robberies because the fatal accident occurred several blocks away from the robberies, several minutes later.

As in *Franks,* the officer in the present case did not know of the robbery at the time that the chase started. However, we do not find this to be dispositive. This is because unlike *Franks,* the evidence in the present case supports a finding that the robbery was still being perpetrated at the time of the fatal accident. We find that the appellant had not yet completed the robbery when the chase started; he was not yet in a safe haven, but rather was still in the process of leaving with the stolen money. We base this conclusion upon evidence that the appellant was observed by police driving at a fast speed when he ran the stop sign at the intersection where the Texaco was located just a few minutes after the robbery had occurred. Also, the officer was still in hot pursuit at the time of the crash. Thus, because the chase started and ended while the appellant was in the process of perpetrating the robbery, the fatal accident can be said to have been a consequence of that crime. This was not a series of unrelated incidents, but was one continuing transaction. As such, this assignment of error must fail.

In his second assignment of error, the appellant claims that the trial court committed reversible error by allowing into evidence photographs from the scene of the accident and of one of the victims at the hospital emergency room. The appellant correctly points out that the decision to admit photographs into evidence is within the sound discretion of the trial court and will be disturbed only upon a showing of abuse of discretion. *Lamb v. State,* 767 P.2d 887, 891 (Okl.Cr.1988). Further, photographs are admissible if they are relevant and their probative value is not outweighed by their prejudicial value. *Id.*

Upon review of the photographs at issue in the present case, we find that the pictures of the accident were relevant as they depicted the crime scene. *See Nguyen v. State,* 769 P.2d 167, 171 (Okl.Cr.1988). We also find that the pictures of the victims were relevant to establish the corpus delicti of the crime. *See Dumire v. State,* 758 P.2d 829, 830 (Okl.Cr.1988). Further, because none of the photographs were particularly gruesome, we do not find that their probative value was outweighed by their prejudicial value. Thus, the trial judge did not abuse his discretion in allowing the pictures into evidence.

Finally, the appellant contends that two remarks made by the prosecutor in closing argument were so improper and prejudicial as to constitute reversible error. We note at the outset that neither remark complained of was met with contemporaneous objection at trial. Therefore, we can review these only for fundamental error. *See Garcia v. State,* 734 P.2d 820, 824 (Okl.Cr.1987).

Appellant first complains that the prosecutor improperly referred to the arguments of defense counsel as a "smoke screen". This Court has previously dealt with this type of comment, and found it not to be prejudicial when it is a reasonable inference arising from the evidence. *See Cannon v. State,* 507 P.2d 584, 586 (Okl.Cr. 1973). We find that in the present case, the appellant was not prejudiced by this comment. The appellant also complains that the prosecutor made comments which were pleas for sympathy for the victims. While these comments may have been improper, we cannot find that they rose to the level of fundamental error. Therefore, this

assignment of error does not warrant reversal.

In light of the foregoing, the judgment and sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and JOHNSON and PARKS, JJ., concur.