CALVERT v. STATE
2022 OK CR 19
Case Number: F-2020-470
Decided: 08/25/2022
JOE GILBERT CALVERT, Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 19, __ __

 

 

OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Joe Gilbert Calvert, was tried and convicted by a jury in the District Court of Tulsa County, Case No. CF-2018-444, of First Degree Felony Murder, in violation of 21 O.S.2001, § 701.7

¶2 The evidence in this case shows that Appellant kidnapped Latricia Fipps on the afternoon of November 20, 2002, near Catoosa, Oklahoma, by handcuffing her and forcing her into an army duffel bag. Fipps had recently ended a turbulent seven-year relationship with Appellant and was heard the night before her abduction arguing with Appellant on the phone and saying: "Joe, don't threaten me because I know too much on you."

¶3 Appellant initially drove Fipps to Tulsa where he made her consume sleeping pills and told her they were "going on a little trip." True to his word, Appellant and his new girlfriend, Shanna Ramsey, then headed for New Mexico in Appellant's SUV with the duffel bag containing Fipps in the backseat. On the way, Appellant stopped at a motel somewhere in the Texas Panhandle where the trio spent the night. Appellant let Fipps out of the duffel bag and carried her--while still handcuffed--inside the motel room. Appellant kept Fipps handcuffed to him while inside the motel room. Sometime during the night, Ramsey awoke to the pair having sex while still handcuffed to each other. At this point, Ramsey went to the bathroom, got high on methamphetamine and took a shower. When she returned, Appellant and Fipps were dressed and ready to leave. Fipps was still handcuffed but not directly attached to Appellant.

¶4 It was before dawn when Appellant, Ramsey and Fipps left for New Mexico. Along the way, they stopped in Tucumcari, New Mexico, at the Circle K. Appellant then drove to his hometown of San Ysidro, New Mexico, to visit an uncle who, it turned out, was not home. Appellant next drove to a national historical park where he, Ramsey and Fipps got out and walked around. Ramsey testified that Appellant showed off the park to the women. At this point, Fipps was no longer handcuffed and everyone was smoking a joint. Fipps and Appellant were also kissing, hugging and acting like a normal couple as they toured the park. Ramsey eventually broke away and found a secluded spot where she used meth. When Appellant decided to leave, all three loaded up in the SUV and headed back for Oklahoma.

¶5 Nightfall soon came and Appellant stopped on the side of the road in a secluded area of New Mexico so the women could enjoy the rising moon. As the trio walked into an adjacent field, Appellant put his arm around Fipps and asked: "Just think you could get away with it? What were you thinking, bitch?" Appellant then threw Fipps to the ground and started strangling her. Fipps fought back and clawed Appellant who promptly ordered Ramsey to grab Fipps's feet. Ramsey complied and Fipps kicked her in the face and bit her. Appellant continued to struggle with Fipps as she kept getting up. In the end, Appellant pinned Fipps to the ground and fatally strangled her using his hands. Fipps's last words of "mommy loves you" were for her young daughter. With the killing complete, Appellant put Fipps's body in the backseat of the SUV, drove thirty minutes to another location in the New Mexico desert and buried the body. Authorities never found Fipps's remains.

¶6 Calvert now appeals from his judgment and sentence, alleging the following propositions of error:

I. THE STATE OF OKLAHOMA LACKED SUBJECT MATTER JURISDICTION TO PROSECUTE APPELLANT FOR A NEW MEXICO MURDER;

II. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR FIRST DEGREE FELONY MURDER. OKLAHOMA'S KIDNAPPING STATUTE LIMITS ITS APPLICATION TO ACTS COMMITTED IN THIS STATE;

III. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR FIRST DEGREE FELONY MURDER. THERE WAS A SIGNIFICANT BREAK IN THE CHAIN OF EVENTS AFTER THE ALLEGED OKLAHOMA KIDNAPPING, WHICH NEGATED THE NEXUS REQUIRED FOR FELONY MURDER;

IV. THE JURY WAS NOT PROPERLY INSTRUCTED ON CONSENT AS A DEFENSE TO THE UNDERLYING CHARGE OF KIDNAPPING;

V. THE JURY WAS IMPROPERLY INSTRUCTED ON "DELIBERATE INTENT" AS DESCRIBED IN OUJI-CR 4-63;

VI. THERE WAS INADEQUATE ACCOMPLICE CORROBORATION OF THE KIDNAPPING CHARGE;

VII. EVIDENCE OF A TELEPHONE CONVERSATION BETWEEN APPELLANT AND THE ALLEGED VICTIM CONSTITUTED HEARSAY AND WAS IMPROPERLY ADMITTED OVER DEFENSE COUNSEL'S OBJECTION;

VIII. THE EXCESSIVE DELAY IN THE PROSECUTION OF THIS CASE ULTIMATELY VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION;

IX. PROSECUTORIAL MISCONDUCT SO INFECTED THE STATE'S CLOSING ARGUMENT THAT A NEW TRIAL IS REQUIRED; and

X. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

¶7 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶8 Proposition I. Appellant claims that Oklahoma law does not provide a statutory basis for Appellant's prosecution in Oklahoma because the injury that caused the death and the death itself occurred in New Mexico. Prior to the commencement of preliminary hearing, Appellant filed an application for writ of prohibition with this Court concerning the jurisdictional issue raised in this proposition of error. We denied extraordinary relief in an unpublished order filed on August 29, 2018. See Order Denying Petition for Writ of Prohibition, Calvert, et al. v. State ex rel. Hon. James Keeley, Special Judge, No. PR-2018-619. This order resolved the jurisdictional issue presented therein, namely, whether Appellant could be prosecuted in Oklahoma for Latricia Fipps's murder when the injury that caused the victim's death and the death itself occurred in New Mexico. We found that the felony murder statute authorized such a prosecution based on the State's theory of the case.

¶9 The State correctly argues on appeal that collateral estoppel now precludes re-litigation of this claim. See Smith v. State, 2013 OK CR 14306 P.3d 557Alverson v. State, 1999 OK CR 21983 P.2d 498during the commission or attempted commission of kidnapping. 21 O.S.2011, § 701.7alternatively provides that a person commits the crime of murder in the first degree, regardless of malice, if the death of a human being results from the commission or attempted commission of kidnapping. Id.

¶10 The State's theory of the case was that Appellant kidnapped Fipps in Tulsa County then drove her to New Mexico where he killed her. The facts here clearly showed both that the victim died during Appellant's commission of kidnapping and that the death of the victim resulted from Appellant's commission of kidnapping, thus providing a statutory basis for Appellant's prosecution for felony murder under Section 701.7(B) in Tulsa County. It was for the jury to resolve any disputed factual questions concerning the continuing vitality, and existence, of the kidnapping at the time of Fipps's death and the nexus between the death of the victim and the underlying felony. Because the trial court had jurisdiction, Proposition I is denied.

¶11 Propositions II and III. The plain language of Oklahoma's kidnapping statute contemplates a kidnapping that involves causing another person to be sent out of the state against his or her will. See 21 O.S.2001, § 741Malaske v. State, 2004 OK CR 1889 P.3d 1116Lampkin v. State, 1991 OK CR 33808 P.2d 694Id., 1991 OK CR 33

¶12 Taken in the light most favorable to the State, sufficient evidence was presented at trial to allow any rational trier of fact to find beyond a reasonable doubt that Appellant killed Fipps during his commission of a kidnapping that commenced in Oklahoma and continued through the time of Fipps's killing in New Mexico the next day. See 21 O.S.2001, § 701.7Jackson v. Virginia, 443 U.S. 307, 319 (1979) (standard of review for sufficiency of the evidence claims); Cochlin v. State, 2020 OK CR 23479 P.3d 534

¶13 Kidnapping is generally considered a continuing offense that ends only with the victim's release or death. Use of the terms "confines" and "kidnaps" in our kidnapping statute generally suggest a continuing course of conduct and there is no time limit prescribed for this crime in the statute. Here, Appellant maintained a continuous presence with, and control over, Fipps at all times never letting her out of his immediate sight. Fipps had no apparent means of returning to Oklahoma on her own and was totally dependent on Appellant for safe passage home. The record evidence thus shows no significant break in Appellant's control over Fipps after he abducted her from Catoosa, stopped overnight at the Texas motel and then drove to New Mexico where he killed her in the desert. Taken in the light most favorable to the State, sufficient evidence was presented at trial to support Appellant's conviction for first degree felony murder. Propositions II and III are denied.

¶14 Proposition IV. Appellant did not preserve this issue below and our review of this claim is limited to plain error. Mack v. State, 2018 OK CR 30428 P.3d 326Williams v. State, 2021 OK CR 19496 P.3d 621Id. (internal quotation omitted).

¶15 Appellant fails to show an actual or obvious error from the trial court's omission of an instruction on the defense of consent to the underlying kidnapping. See Instruction No. 8-59, OUJI-CR (2d) (Supp. 2013). The record evidence must make out a prima facie case of consent in order to require instructions on this defense. See Williamson v. State, 2018 OK CR 15422 P.3d 752Prima facie evidence is evidence that is 'good and sufficient on its face,' i.e., 'sufficient to establish a given fact, or group or chain of facts constituting the defendant's claim or defense, and which if not rebutted or contradicted, will remain sufficient to sustain a judgment in favor of the issue which it supports.'" Tryon v. State, 2018 OK CR 20423 P.3d 617Cuesta-Rodriguez v. State, 2011 OK CR 4247 P.3d 1192

¶16 Proposition V. Appellant did not object to the inclusion of Instruction No. 34 in the written jury charge, thus waiving review on appeal of all but plain error. See Barnard v. State, 2012 OK CR 15290 P.3d 759Barnes v. State, 2017 OK CR 26408 P.3d 209Adkisson v. State, 1967 OK CR 156432 P.2d 130

¶17 Proposition VI. Sufficient evidence was presented at trial to corroborate accomplice Shanna Ramsey's testimony recounting the kidnapping and murder perpetrated by Appellant in this case. Ramsey's testimony was corroborated by evidence that, standing alone, tended to link Appellant to commission of the charged crime. See 22 O.S.2011, § 742Postelle v. State, 2011 OK CR 30267 P.3d 114Glossip v. State, 2007 OK CR 12157 P.3d 143

¶18 Additional corroboration of Ramsey's testimony was presented through Appellant's statement to detectives that he admitted picking up Fipps from work the day and time of her disappearance, his belated admission in 2018 that he drove to New Mexico shortly thereafter with Ramsey and stopped at a motel along the way, and Detective Campbell's testimony that Appellant had an injury on his forehead when he interviewed Appellant the day after Fipps's disappearance. Proposition VI is denied.

¶19 Proposition VII. We review the trial court's evidentiary rulings for abuse of discretion. Shaw v. State, 2021 OK CR 33500 P.3d 64112 O.S.2011, §§ 2803inter alia the victim's state of mind towards Appellant and to supply a motive for the killing. Proposition VII is denied.

¶20 Proposition VIII. We deny relief for Appellant's due process claim based on pre-accusation delay. Appellant fails to show actual prejudice to the conduct of the defense based on the unexplained five-year delay in this case from 2013--after Ramsey told police in New Mexico about the murder and after she was interviewed by Detective Jason White--until charges were filed in Tulsa County District Court in 2018. Appellant also fails to show intentional or purposeful delay by the State in bringing charges in order to gain a tactical advantage or to harass Appellant. Hence, there was no due process violation from the delay in filing charges against Appellant. See United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307 (1971); Garrison v. State, 2004 OK CR 35103 P.3d 590

¶21 Proposition IX. There was no error, plain or otherwise, from the challenged comments by the prosecutor during closing argument. Appellant was not deprived of a fundamentally fair trial in violation of due process from these comments which amounted to reasonable comment on the record evidence. See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Shaw, 2021 OK CR 33Williams, 2021 OK CR 19

¶22 Proposition X. To prevail on an ineffective assistance of counsel claim, Appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). See Harrington v. Richter, 562 U.S. 86, 104 (2011) (discussing Strickland two-part test). Appellant fails to show Strickland prejudice based on counsel's failure to raise the meritless claims we rejected in Propositions IV and V. See Logan v. State, 2013 OK CR 2293 P.3d 969

DECISION

¶23 The Judgment and Sentence of the district court is AFFIRMED. Appellant's request for oral argument is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE CLIFFORD SMITH, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 CORBIN BREWSTER
 CHIEF PUBLIC DEFENDER
 TEDDY COOPER
 ASST. PUBLIC DEFENDER
 TULSA COUNTY
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 STUART SOUTHERLAND
 ASST. PUBLIC DEFENDER
 TULSA COUNTY
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 COUNSEL FOR APPELLANT
 
 
 
 
 KENNETH ELMORE
 KEVIN KELLER
 ASST. DISTRICT ATTORNEYS
 TULSA COUNTY
 500 S. DENVER, SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 OKLA. ATTORNEY GENERAL
 RANDALL YOUNG
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR IN PART/DISSENT IN PART
MUSSEMAN, J: RECUSED

FOOTNOTES

21 O.S.2001, § 13.1

 

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in the Court's conclusion that the Oklahoma trial court had jurisdiction to try the defendant for first degree murder for taking a human life during, or as a result of, the commission or attempted commission of the crime of kidnapping. 21 O.S.2001, § 701.7res judicata or collateral estoppel.

¶2 Requests for the writ of prohibition or mandamus are called extraordinary proceedings for a reason. Such proceedings necessarily involve a narrow legal inquiry and ordinarily warrant the exercise of our jurisdiction only upon a party's manifest showing of legal right. Many questions of criminal law and procedure, especially those not well-settled by a controlling case involving similar facts and a well-developed record, are inappropriate for a definitive resolution in proceedings for an extraordinary writ.

¶3 Preclusion of our subsequent consideration of a legal issue by collateral estoppel is not justified unless the previous determination was both full and fair. The most that can, or often should, be said in ruling on a request for extraordinary relief is that the petitioner has failed to clearly establish a legal right or entitlement to relief. Collateral estoppel might bar a party from re-litigating issues that plainly turn on the non-existence of the claimed right, because the disposition seems both full and fair in the ordinary sense. But this is not invariably the case when we deny extraordinary relief in some earlier phase of criminal proceedings.

¶4 Upon the Court's consideration of an issue on direct appeal--the traditional and most apt proceeding for resolution of unsettled questions of law--it may well reach a more considered judgment from its plenary examination of facts and principles of law. The ultimate outcome is no different here, but I cannot generally accept that our prior disposition of a request for extraordinary relief necessarily bars further consideration of an issue presented on direct appeal.