RANGEL v. STATE
2023 OK CR 3
526 P.3d 759
Case Number: F-2021-283
Decided: 03/09/2023
ANTHONY JESS COLDIRON RANGEL, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 3, 526 P.3d 759

 

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Anthony Jess Coldiron Rangel, was tried and convicted by a jury in the District Court of Oklahoma County, Case No. CF-2018-1415, of First Degree Felony Murder, in violation of 21 O.S.Supp.2012, § 701.721 O.S.Supp.2015, § 13.1

¶2 Appellant now appeals and alleges the following proposition of error:

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT [APPELLANT'S] CONVICTION OF FELONY MURDER DURING THE COMMISSION OF DISTRIBUTION OF A DANGEROUS SUBSTANCE BECAUSE [APPELLANT] WAS THE BUYER IN THE TRANSACTION, THUS THE STATE DID NOT MEET ITS BURDEN IN PROVING THE UNDERLYING FELONY.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that Appellant's judgment and sentence must be REVERSED AND REMANDED FOR NEW TRIAL.

¶4 Appellant's first-degree felony murder charge was predicated on alternative factual theories. The State alleged the murder occurred either while Appellant was in the commission of robbery with a dangerous weapon or while in the commission of distribution of a controlled dangerous substance (marijuana).

¶5 In his sole proposition, Appellant contends the evidence shows he was a buyer, not a distributor of the marijuana. Relying on Simms v. State, 2021 OK CR 35499 P.3d 1236

¶6 This is the second trip to this Court for Appellant on this claim. Prior to sentencing, Appellant filed a motion to dismiss and set aside the jury's verdict in district court. Citing this Court's recent decision in Daniel v. State, No. C-2019-15 (Okl.Cr., June 25, 2020) (unpublished), Appellant asserted the State erroneously charged him with felony-murder based on the theory of distribution as there was no evidence that he was anything other than a buyer or a recipient of marijuana. The State in its written response conceded the invalidity of Appellant's conviction based on Daniel and the State's erroneous argument at trial that Appellant, as a buyer, aided and abetted the distributor and was thus a principal to the felony drug distribution. The State asserted that modification of Appellant's sentence to first-degree manslaughter while endeavoring to possess a controlled dangerous substance was the appropriate remedy but contended the trial court lacked the authority to do so. For this reason, the State requested the district court proceed to formal sentencing and exercise its authority provided by 22 O.S.Supp.2020, § 991a

¶7 The trial court subsequently denied Appellant's motion to dismiss but vacated and set aside the jury's verdict based on this Court's ruling in Daniel. Judge Mai found evidence presented at trial indicated Appellant was one of several buyers in the drug transaction that led to the victim's death. Judge Mai granted a stay of the execution of her order of release pending appeal by the State. On January 15, 2021, this Court granted the State's Petition of Writ of Prohibition, finding the trial court lacked the legal authority to vacate the jury's finding of guilt. Appellant was formally sentenced on April 1, 2021.

¶8 We turn now to the case at hand and find Appellant's claim has merit. "[F]elony-murder is committed when a death results from a defendant's commission of certain enumerated felonies." Simms, 2021 OK CR 35Id., 2021 OK CR 35Daniel, No. C-2019-15, slip op. at 2 (Okl.Cr., June 25, 2020) (Rowland, J. Concurring in Results) (unpublished)). To be convicted as a principal to a crime, the evidence must show the defendant directly committed each element of the offense or aided and abetted another in its commission. 21 O.S.2011, § 172Simms, 2021 OK CR 35Id., 2021 OK CR 35

¶9 The State tells us on appeal that Appellant did "something more," which transformed him into a principal to the victim's crime of distribution. We disagree. That Appellant purportedly acted as a lookout while he and his confederates attempted to obtain the drugs does not rise to the level of "something more." This evidence falls significantly short of proving Appellant was aiding and abetting the victim in the distribution.Simms, 2021 OK CR 35Compare, Hindman v. State, 1982 OK CR 98647 P.2d 456See Simms, 2021 OK CR 35REVERSED.

¶10 We must next determine the appropriate relief. Appellant argues retrial on the State's alternative robbery with a dangerous weapon theory is barred by the Double Jeopardy Clause. U.S. Const. Amend. V, XIV. He asserts the jury's silence impliedly acquitted him on the alternative robbery with a dangerous weapon theory and the lesser offense of second-degree murder during the commission of second-degree robbery. Appellant thus contends the only appropriate remedy is that of a new trial limited to the lesser offense of first-degree manslaughter while endeavoring to possess a controlled dangerous substance.

¶11 Contrary to Appellant's assertion, it cannot be assumed in this case that the jury impliedly acquitted Appellant of these offenses. See Simms, 2021 OK CR 35 Id. (citing United States v. Feldman, 931 F.3d 1245, 1256, 1257 (11th Cir. 2019)).

¶12 As in Simms, the verdict form in the present case reveals that the jury made no findings as to the State's alternative robbery with a dangerous weapon theory. Indeed, the verdict form is not materially different from those given in Simms. Id., 2021 OK CR 35. The jury's election of the State's distribution theory cannot be said to imply anything and does not equate to an implied acquittal on the State's alternative robbery with a dangerous weapon theory. Moreover, Appellant never voiced any objection to the jury's dismissal after the verdict and allowed the jury to be released without polling them on the alternative felony-murder theory. The total circumstances thus compel the conclusion that Appellant impliedly consented to the dismissal of the jury without it having made a finding on the alternative felony-murder theory of robbery with a dangerous weapon. See Feldman, 931 F.3d at 1256-57 (a defendant's consent need not be express but may be implied from the circumstances).

¶13 For these reasons, we find Appellant's original jeopardy for first degree felony-murder while in the commission of robbery with a dangerous weapon has not terminated, and we REMAND the case to the District Court for a NEW TRIAL on this theory, along with the lesser offense of second-degree murder during the commission of second degree robbery, and the offense of first-degree manslaughter while endeavoring to possess a controlled dangerous substance.

DECISION

¶14 The Judgment and Sentence of the district court is REVERSED AND REMANDED FOR A NEW TRIAL. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

 

AN APPEAL FROM
THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE NATALIE MAI, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JOI MISKEL
 1901 NORTH CLASSEN BLVD.,
 SUITE 100
 OKLAHOMA CITY, OK 73106
 COUNSEL FOR DEFENDANT

 ANGELA SINGLETON
 725 NORTHWEST 17TH STREET
 OKLAHOMA CITY, OK 73103
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 JACQUELINE CHAFIN
 SULLIVAN
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 ADAM KALLSNICK
 STEPHANIE POWERS
 ASST. DISTRICT ATTORNEYS
 320 ROBERT S. KERR, SUITE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 TANNER A. HERRMANN
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR 
LUMPKIN, J.: CONCUR IN RESULTS
LEWIS, J.: CONCUR IN PART/DISSENT IN PART
MUSSEMAN, J.: CONCUR

FOOTNOTES

Realize that the defendant in this case isn't the one who is giving the drugs. Cody Davis, in this case, is the drug dealer. Okay. But, again, we've instructed you on what a principal is: Aid, abet, or encourage. When you text your drug dealer and order up a quarter-ounce and a 40, you are encouraging that. You become a principal to the distribution. So by ordering the drugs, the defendant and his codefendants became principals to this.

See Agreed Order on Completion of the Record, ¶ 2 and corresponding attached exhibit.

 

 

LUMPKIN, JUDGE: CONCURRING IN RESULTS:

¶1 I concur in the result in this case based upon stare decisis. However, I disagree with the felony murder analysis in the context of drug cases as I espouse a broader view of the felony murder doctrine.

¶2 The doctrine of felony murder is set forth in 21 O.S.2012, § 701.7

A person also commits the crime of murder in the first degree, regardless of malice, when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of murder of another person, shooting or discharge of a firearm or crossbow with intent to kill, intentional discharge of a firearm or other deadly weapon into any dwelling or building as provided in Section 1289.17A of this title, forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, eluding an officer, first degree burglary, first degree arson, unlawful distributing or dispensing of controlled dangerous substances or synthetic controlled substances, trafficking in illegal drugs, or manufacturing or attempting to manufacture a controlled dangerous substance. (emphasis added).

"Our cases require a nexus between the death of the victim and the underlying felony for the felony-murder doctrine to apply. . . The homicide charged must have been committed during the perpetration of the underlying crime." Calvert v. State, 2022 OK CR 19

¶3 In Simms v. State, 2021 OK CR 35499 P.3d 1236Simms that the defendant CDS buyer's wrongful and potentially dangerous conduct was a substantial factor in causing the victim sellers' deaths during the commission of the crime of distribution of CDS; thus, the defendant CDS buyer committed first degree felony murder. It was participation in the felonious conduct of distribution, not criminal liability as a principal for committing distribution, that warranted affirmation of the defendant's conviction. Under my reading of the felony murder statute, there is no requirement that the defendant be a principal in the commission of the underlying crime. Felony murder can be committed when the death results from the commission of the underlying crime and the defendant's wrongful actions during that crime are a substantial factor in causing the victim's death.

¶4 In this case, the evidence showed Appellant knew the criminal purpose of meeting with Davis, i.e., to get illegal drugs, and that Appellant had a gun, thus it was reasonably foreseeable that violence would occur during the drug deal.Cf. Kinchion v. State, 2003 OK CR 2881 P.3d 681

FOOTNOTES

Polk v. State, 2022 OK CR 24519 P.3d 107Simms.

 

 

LEWIS, J., CONCUR IN PART AND DISSENT IN PART:

¶1 I respectfully dissent from reversing this conviction, for the reasons mostly set forth in my dissent in Simms. The Court's analysis continues to ignore the plain language of the felony murder statute, which was amended in 1996 to avoid exactly the kind of narrow, technical construction applied in Simms.

¶2 The statute defines felony murder as the killing of a human, regardless of malice, "when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of . . . unlawful distributing . . . of controlled dangerous substances." 21 O.S.Supp.2012, § 701.7

¶3 The "any other person" language provides that one need not be a principal to the felony drug crime to violate this statute by killing someone during, or as a result of, that crime. The statute as written seeks to discourage just this kind of wrongful killing by any person involved in the underlying felony, not just the principal(s).

¶4 Daniel, Simms, Polk, this case, and others tragically show how buyers or pretended buyers of illegal drugs sometimes rob or murder the sellers--and others--to take their drugs or money (Simms), or kill a gangland rival (Polk). Properly interpreted, the statute punishes these killings while participating in a drug felony as first degree murder.

¶5 As the statute is currently misinterpreted, such convictions are reversed by this Court, and sometimes reduced to misdemeanor manslaughter on remand. This happened in Simms (where two people were foully murdered), and might happen here, too. Respectfully, this is not in keeping with the felony murder rule, nor is it justice. Simms and its progeny were wrongly decided and should be overruled.

¶6 I concur in the conclusion that the case should be remanded for a new trial on the charge that Appellant killed a human being during, or as a result of, the commission of robbery with a dangerous weapon. Appellant was neither convicted nor acquitted of that charge in the previous trial.