OSCN Found Document:RANGEL v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 RANGEL v. STATE
2023 OK CR 3
526 P.3d 759
Case Number: F-2021-283
Decided: 03/09/2023
ANTHONY JESS COLDIRON RANGEL, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2023 OK CR 3, 526 P.3d 759

 

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Anthony Jess Coldiron Rangel, was tried and convicted by a jury in the District Court of Oklahoma County, Case No. CF-2018-1415, of First Degree Felony Murder, in violation of 21 O.S.Supp.2012, § 701.7(B). The jury sentenced Appellant to life imprisonment. The Honorable Natalie Mai, District Judge, pronounced judgment and sentence in accordance with the jury's verdict. Appellant must serve 85% of his sentence before he is parole eligible. 21 O.S.Supp.2015, § 13.1(1).

¶2 Appellant now appeals and alleges the following proposition of error:

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT [APPELLANT'S] CONVICTION OF FELONY MURDER DURING THE COMMISSION OF DISTRIBUTION OF A DANGEROUS SUBSTANCE BECAUSE [APPELLANT] WAS THE BUYER IN THE TRANSACTION, THUS THE STATE DID NOT MEET ITS BURDEN IN PROVING THE UNDERLYING FELONY.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that Appellant's judgment and sentence must be REVERSED AND REMANDED FOR NEW TRIAL.

¶4 Appellant's first-degree felony murder charge was predicated on alternative factual theories. The State alleged the murder occurred either while Appellant was in the commission of robbery with a dangerous weapon or while in the commission of distribution of a controlled dangerous substance (marijuana).[1] In the end, the jury's guilty verdict was based on the jury's finding that the murder occurred while Appellant was in the commission of distributing marijuana.

¶5 In his sole proposition, Appellant contends the evidence shows he was a buyer, not a distributor of the marijuana. Relying on Simms v. State, 2021 OK CR 35, 499 P.3d 1236, Appellant argues that as a buyer he cannot be held liable as a principal to the underlying felony of drug distribution. He thus complains the State's evidence was insufficient to support his felony-murder conviction.

¶6 This is the second trip to this Court for Appellant on this claim. Prior to sentencing, Appellant filed a motion to dismiss and set aside the jury's verdict in district court. Citing this Court's recent decision in Daniel v. State, No. C-2019-15 (Okl.Cr., June 25, 2020) (unpublished), Appellant asserted the State erroneously charged him with felony-murder based on the theory of distribution as there was no evidence that he was anything other than a buyer or a recipient of marijuana. The State in its written response conceded the invalidity of Appellant's conviction based on Daniel and the State's erroneous argument at trial that Appellant, as a buyer, aided and abetted the distributor and was thus a principal to the felony drug distribution. The State asserted that modification of Appellant's sentence to first-degree manslaughter while endeavoring to possess a controlled dangerous substance was the appropriate remedy but contended the trial court lacked the authority to do so. For this reason, the State requested the district court proceed to formal sentencing and exercise its authority provided by 22 O.S.Supp.2020, § 991a and suspend all but the first twenty-five years of Appellant's life sentence.

¶7 The trial court subsequently denied Appellant's motion to dismiss but vacated and set aside the jury's verdict based on this Court's ruling in Daniel. Judge Mai found evidence presented at trial indicated Appellant was one of several buyers in the drug transaction that led to the victim's death. Judge Mai granted a stay of the execution of her order of release pending appeal by the State. On January 15, 2021, this Court granted the State's Petition of Writ of Prohibition, finding the trial court lacked the legal authority to vacate the jury's finding of guilt. Appellant was formally sentenced on April 1, 2021.

¶8 We turn now to the case at hand and find Appellant's claim has merit. "[F]elony-murder is committed when a death results from a defendant's commission of certain enumerated felonies." Simms, 2021 OK CR 35, ¶ 8, 499 P.3d at 1239. "[O]ne is liable for felony murder only where they could also be charged with the underlying predicate crime." Id., 2021 OK CR 35, ¶ 8, 499 P.3d at 1240 (quoting Daniel, No. C-2019-15, slip op. at 2 (Okl.Cr., June 25, 2020) (Rowland, J. Concurring in Results) (unpublished)). To be convicted as a principal to a crime, the evidence must show the defendant directly committed each element of the offense or aided and abetted another in its commission. 21 O.S.2011, § 172. With regard to the crime of drug distribution, we have specifically rejected the argument that the buyer, by seeking drugs, aids and abets the distributor of the drugs and is thus criminally liable as a principal to the felony drug distribution.[2] Simms, 2021 OK CR 35, ¶ 9, 499 P.3d at 1240. Thus, "[w]ithout evidence of something more than just receipt, the buyer/receiver of the controlled substances commits the crime of 'possession' and not 'distribution,' and [ ] cannot be charged as a principal to the distributor's crime of distribution." Id., 2021 OK CR 35, ¶ 7, 499 P.3d at 1239.

¶9 The State tells us on appeal that Appellant did "something more," which transformed him into a principal to the victim's crime of distribution. We disagree. That Appellant purportedly acted as a lookout while he and his confederates attempted to obtain the drugs does not rise to the level of "something more." This evidence falls significantly short of proving Appellant was aiding and abetting the victim in the distribution.[3] Nothing in the evidence shows that Appellant, as a lookout, was actively and directly acting on behalf of the victim to aid him in the commission of distribution. Simms, 2021 OK CR 35, ¶ 7, 499 P.3d at 1239 (an accomplice is one that participates in the same criminal conduct). Compare, Hindman v. State, 1982 OK CR 98, ¶¶ 6-9, 647 P.2d 456, 457 (evidence of a prearranged conspiracy between the seller and the defendant was sufficient to show that the defendant was more than a procuring agent for the buyer). At most, the evidence shows Appellant was aiding and abetting his confederate buyers to ensure their unlawful acquisition of the marijuana. The evidence was thus insufficient to show that Appellant and the victim had any type relationship other than buyer and seller. See Simms, 2021 OK CR 35, ¶ 7, 499 P.3d at 1239 ("Even though it can be said that both intend the sale to be made, this fact alone cannot be taken to mean the buyer as a matter of law is an accomplice of the seller."). Appellant's felony-murder conviction based on the underlying predicate crime of distribution must be REVERSED.

¶10 We must next determine the appropriate relief. Appellant argues retrial on the State's alternative robbery with a dangerous weapon theory is barred by the Double Jeopardy Clause. U.S. Const. Amend. V, XIV. He asserts the jury's silence impliedly acquitted him on the alternative robbery with a dangerous weapon theory and the lesser offense of second-degree murder during the commission of second-degree robbery. Appellant thus contends the only appropriate remedy is that of a new trial limited to the lesser offense of first-degree manslaughter while endeavoring to possess a controlled dangerous substance.[4] Upon review, we find Appellant's original jeopardy for the State's alternative robbery with a dangerous weapon theory has yet to terminate.

¶11 Contrary to Appellant's assertion, it cannot be assumed in this case that the jury impliedly acquitted Appellant of these offenses. See Simms, 2021 OK CR 35, ¶ 11, 499 P.3d at 1240. Appellant was charged with alternative means of committing the same crime. His conviction on one of the two theories does not logically exclude a conviction on the alternative felony-murder charge. A partial acquittal cannot be inferred under these circumstances. Id. (citing United States v. Feldman, 931 F.3d 1245, 1256, 1257 (11th Cir. 2019)).

¶12 As in Simms, the verdict form in the present case reveals that the jury made no findings as to the State's alternative robbery with a dangerous weapon theory. Indeed, the verdict form is not materially different from those given in Simms. Id., 2021 OK CR 35, ¶ 12, 499 P.3d at 1240-41. The jury's election of the State's distribution theory cannot be said to imply anything and does not equate to an implied acquittal on the State's alternative robbery with a dangerous weapon theory. Moreover, Appellant never voiced any objection to the jury's dismissal after the verdict and allowed the jury to be released without polling them on the alternative felony-murder theory. The total circumstances thus compel the conclusion that Appellant impliedly consented to the dismissal of the jury without it having made a finding on the alternative felony-murder theory of robbery with a dangerous weapon. See Feldman, 931 F.3d at 1256-57 (a defendant's consent need not be express but may be implied from the circumstances).

¶13 For these reasons, we find Appellant's original jeopardy for first degree felony-murder while in the commission of robbery with a dangerous weapon has not terminated, and we REMAND the case to the District Court for a NEW TRIAL on this theory, along with the lesser offense of second-degree murder during the commission of second degree robbery, and the offense of first-degree manslaughter while endeavoring to possess a controlled dangerous substance.

DECISION

¶14 The Judgment and Sentence of the district court is REVERSED AND REMANDED FOR A NEW TRIAL. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

 

AN APPEAL FROM
THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE NATALIE MAI, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JOI MISKEL
 1901 NORTH CLASSEN BLVD.,
 SUITE 100
 OKLAHOMA CITY, OK 73106
 COUNSEL FOR DEFENDANT

 ANGELA SINGLETON
 725 NORTHWEST 17TH STREET
 OKLAHOMA CITY, OK 73103
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 JACQUELINE CHAFIN
 SULLIVAN
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 ADAM KALLSNICK
 STEPHANIE POWERS
 ASST. DISTRICT ATTORNEYS
 320 ROBERT S. KERR, SUITE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 TANNER A. HERRMANN
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR 
LUMPKIN, J.: CONCUR IN RESULTS
LEWIS, J.: CONCUR IN PART/DISSENT IN PART
MUSSEMAN, J.: CONCUR

FOOTNOTES

[1] The jury was also instructed on the lesser offenses of second-degree murder during the commission of second-degree robbery and first-degree manslaughter while endeavoring to possess a controlled dangerous substance.

[2] The record shows, at bottom, that the State charged Appellant based on the legally flawed presupposition that Appellant, as a buyer, could be charged with the crime of distribution. In its final closing argument, the State argued:

Realize that the defendant in this case isn't the one who is giving the drugs. Cody Davis, in this case, is the drug dealer. Okay. But, again, we've instructed you on what a principal is: Aid, abet, or encourage. When you text your drug dealer and order up a quarter-ounce and a 40, you are encouraging that. You become a principal to the distribution. So by ordering the drugs, the defendant and his codefendants became principals to this.

[3] The jury expressed confusion regarding the State's burden of proof for the underlying felony of distribution. During deliberations, the jury asked: "Can we get clarification of the definition of distribute above and beyond what was on number 16?" (Court's Ex. 2). Instruction No. 16 provided the definition for distribute provided in OUJI-CR (2d) No. 6-16 ("'Distribute' means to deliver other than by administering or dispensing a controlled dangerous substance."). The trial court responded (on a separate sheet): "Read and re-read your instructions." See Agreed Order on Completion of the Record, ¶ 2 and corresponding attached exhibit.

[4] Conversely, the State asks that if the evidence is found insufficient to support the jury's verdict, the case be remanded with instructions to modify to the lesser included offense of first-degree manslaughter while endeavoring to possess a controlled dangerous substance. However, if the Court is inclined to grant a new trial, the State argues trial on the charges of first degree felony-murder and second degree felony-murder during the commission of second degree robbery is not precluded.

 

 

LUMPKIN, JUDGE: CONCURRING IN RESULTS:

¶1 I concur in the result in this case based upon stare decisis. However, I disagree with the felony murder analysis in the context of drug cases as I espouse a broader view of the felony murder doctrine.

¶2 The doctrine of felony murder is set forth in 21 O.S.2012, § 701.7(B). That statutory section provides as follows:

A person also commits the crime of murder in the first degree, regardless of malice, when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of murder of another person, shooting or discharge of a firearm or crossbow with intent to kill, intentional discharge of a firearm or other deadly weapon into any dwelling or building as provided in Section 1289.17A of this title, forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, eluding an officer, first degree burglary, first degree arson, unlawful distributing or dispensing of controlled dangerous substances or synthetic controlled substances, trafficking in illegal drugs, or manufacturing or attempting to manufacture a controlled dangerous substance. (emphasis added).

"Our cases require a nexus between the death of the victim and the underlying felony for the felony-murder doctrine to apply. . . The homicide charged must have been committed during the perpetration of the underlying crime." Calvert v. State, 2022 OK CR 19, ¶ 11, 517 P.3d 979, 983. (internal citations omitted).

¶3 In Simms v. State, 2021 OK CR 35, ¶ 9, 499 P.3d 1236, 1242, Lumpkin, J., dissenting, I reasoned, "the Legislature has clearly intended for the Felony Murder Doctrine to apply to third persons when their participation in felonious conduct results in the death of another." I found in Simms that the defendant CDS buyer's wrongful and potentially dangerous conduct was a substantial factor in causing the victim sellers' deaths during the commission of the crime of distribution of CDS; thus, the defendant CDS buyer committed first degree felony murder. It was participation in the felonious conduct of distribution, not criminal liability as a principal for committing distribution, that warranted affirmation of the defendant's conviction. Under my reading of the felony murder statute, there is no requirement that the defendant be a principal in the commission of the underlying crime. Felony murder can be committed when the death results from the commission of the underlying crime and the defendant's wrongful actions during that crime are a substantial factor in causing the victim's death.

¶4 In this case, the evidence showed Appellant knew the criminal purpose of meeting with Davis, i.e., to get illegal drugs, and that Appellant had a gun, thus it was reasonably foreseeable that violence would occur during the drug deal.[1] By actively participating in the distribution of a controlled substance by serving as a lookout for all parties during the drug deal, Appellant was liable for Davis's death under the felony murder doctrine. Cf. Kinchion v. State, 2003 OK CR 28, ¶ 8, 81 P.3d 681, 684 (defendant was properly charged and convicted of first degree felony murder because it was reasonably foreseeable that a death could occur during the crime: defendant acted as lookout during the robbery, knew his co-defendant was armed and had knowledge of the criminal plan).

FOOTNOTES

[1] In Polk v. State, 2022 OK CR 24, ¶ 22, 519 P.3d 107, 113, the majority, in affirming Appellant's conviction for First Degree Manslaughter, found that "the possibility of violence occurring during a street-level drug transaction of this type was reasonably foreseeable; and [Appellant's] act of driving [the actual killer to the seller's] location on the pretext of purchasing narcotics led directly to [the seller's] murder." However, recognition that violence in drug transactions is reasonably foreseeable is lacking in the instant case as it was in Simms.

 

 

LEWIS, J., CONCUR IN PART AND DISSENT IN PART:

¶1 I respectfully dissent from reversing this conviction, for the reasons mostly set forth in my dissent in Simms. The Court's analysis continues to ignore the plain language of the felony murder statute, which was amended in 1996 to avoid exactly the kind of narrow, technical construction applied in Simms.

¶2 The statute defines felony murder as the killing of a human, regardless of malice, "when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of . . . unlawful distributing . . . of controlled dangerous substances." 21 O.S.Supp.2012, § 701.7(B)(emphasis added).

¶3 The "any other person" language provides that one need not be a principal to the felony drug crime to violate this statute by killing someone during, or as a result of, that crime. The statute as written seeks to discourage just this kind of wrongful killing by any person involved in the underlying felony, not just the principal(s).

¶4 Daniel, Simms, Polk, this case, and others tragically show how buyers or pretended buyers of illegal drugs sometimes rob or murder the sellers--and others--to take their drugs or money (Simms), or kill a gangland rival (Polk). Properly interpreted, the statute punishes these killings while participating in a drug felony as first degree murder.

¶5 As the statute is currently misinterpreted, such convictions are reversed by this Court, and sometimes reduced to misdemeanor manslaughter on remand. This happened in Simms (where two people were foully murdered), and might happen here, too. Respectfully, this is not in keeping with the felony murder rule, nor is it justice. Simms and its progeny were wrongly decided and should be overruled.

¶6 I concur in the conclusion that the case should be remanded for a new trial on the charge that Appellant killed a human being during, or as a result of, the commission of robbery with a dangerous weapon. Appellant was neither convicted nor acquitted of that charge in the previous trial.

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2003 OK CR 28, 81 P.3d 681, 
KINCHION v. STATE
Discussed

 
2021 OK CR 35, 499 P.3d 1236, 
SIMMS v. STATE
Discussed at Length

 
2022 OK CR 19, 517 P.3d 977, 
CALVERT v. STATE
Cited

 
2022 OK CR 24, 519 P.3d 107, 
POLK v. STATE
Discussed

 
1982 OK CR 98, 647 P.2d 456, 
HINDMAN v. STATE
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 172, 
Definition of Principals
Cited

 
21 O.S. 701.7, 
Murder in the First Degree
Discussed at Length

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 991a, 
Sentence - Powers of the Court
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA